Bucroft v. The City of Council Bluffs.

---

BUCROFT v. THE CITY OF COUNCIL BLUFFS.

1. **Cities and Towns:** GRADING OF STREET: COST OF NOT CHARGEABLE UPON OWNERS OF ABUTTING PROPERTY. Under § 466 of the Code, a city may pave a street, and assess the cost thereof upon the owners of abutting lots. Such paving, it would *seem*, may include the changing of grade preparatory to paving, provided the whole improvement constitutes but one undertaking, and the assessment is made for the whole work. But it is not competent, under said section, to charge the owners of abutting lots for the *grading* of a street, though such grading is done with reference to paving the same at another time, and as a separate and further improvement. Statutes of this kind are usually construed strictly. See opinion for cases distinguished.

2. ——: ——: ——: LIABILITY OF CITY FOR. The plaintiff contracted with the defendant city to grade certain streets, and to take for his compensation assessment certificates upon owners of abutting property.

The grading was done and the certificates delivered, but the property-owners refused to pay the same, and the city had no power (much less the plaintiff) to collect these assessments under the law, the property owners not being liable for such improvements:—*Held* that the contract amounted to a guaranty on the part of the city that the plaintiff should be paid out of a fund which it had no power to create, and that, the guaranty failing, it was liable to plaintiff for the contract price of the work,—it being such work as it had full power to contract and pay for out of its general fund. See opinion for cases followed and distinguished.

*Appeal from Pottawattamie District Court.*

FRIDAY, JUNE 6.

The petition states that the defendant passed an ordinance providing that all charges for the improvement of streets and alleys should be assessed against the respective owners and lots fronting on the street or alley improved, and should be collected as provided in sections 478 and 479 of the Code, and thereafter passed a resolution providing for a change of the former grade, of about four feet, by filling certain described streets preparatory to paving; that the respective owners of the lots failed to do the required work, and that the defendant let the same to plaintiff, who did the grading to the satisfaction of the defendant, and that the same was accepted by it, and the amount due under the contract was ascertained by the city; that under the contract the city agreed to issue certificates of assessment against the owners of abutting property for the amount due the plaintiff, and did so; that the plaintiff demanded payment of said owners, but that they wholly failed and refused to pay the same; that the defendant had no power or authority to assess the cost of grading streets against the lots, or the owners thereof; and therefore judgment was asked against the city. To the petition there was a demurrer, on grounds which are sufficiently indicated in the opinion. The demurrer was sustained, and the plaintiff appeals.

*Scott & Stewart*, for appellant.

*W. S. Mayne*, for appellee.

SEEVERS, J.—I.  The allegation that the city had no power to make the assessment is a legal conclusion, which cannot be regarded as admitted, unless the facts pleaded warrant such conclusion; and this must be determined by ascertaining whether the requisite power has been conferred on the city by statute, as it is not claimed that the charter confers such power.

*1. CITIES and towns: grading of streets: cost of not chargeable upon owners of abutting property.*

There is some ambiguity in the ordinance, but, for the purposes of this case, it will be conceded that the ordinance provides that the charges were such as are "contemplated by sections 466, 467 and 468 of the Code, and chapter 51 of the Acts of the Fifteenth General Assembly." (McClain's Statutes, page 110.)  The ordinance further provides that such charges "shall be determined and assessed against the respective owners of lots and lands fronting on the street, highway or alley, and collected as provided in sections 478 and 479 of the Code."

Chapter 51 of the Acts of the Fifteenth General Assembly has reference alone to the improvement of alleys, and therefore a consideration of its provisions is not required; and this is true as to sections 478 and 479 of the Code, because the assessment in question was not made under either.  The ordinance provides that the assessment shall be made under the other sections referred to therein, and the same *collected* as provided in the sections last named.  Section 467 refers alone to the repair of permanent sidewalks, and 465 provides that the expense of grading streets shall be paid out of the general fund of the city.  Therefore, the requisite power must be conferred by section 466 of the Code.  It provides that cities "shall have the power to construct sidewalks, to curb, pave, gravel, macadamize and gutter any highway or alley, and to levy a special tax on the lots and parcels of land fronting on such highway or alley to pay the expense of such improvement."  It will be observed that this section does not include or provide for grading streets or alleys, and therefore does

not conflict with section 465. But section 466 does provide for paving, and the resolution contemplates that the streets were to be graded "preparatory to paving." Now, the question is whether work preparatory thereto is the paving contemplated by the statute. We think not. It will be assumed that the council in good faith passed the resolution, and 'at that time intended to pave the streets; but when or how was left to the uncertain future. Because the preparatory work was done, the council was not conclusively bound to pave, and circumstances thereafter occurring might cause the same council to make a change in this respect. Besides this, changes in the *personnel* of city councils frequently occur, and thus changes in the policy to be pursued are brought about. The power conferred is to pave, and not merely to make preparation therefor. The work of preparation must, of course, be done first, and, in the discretion of the council, the street may be graded, and the latter may, no doubt, be done under one contract, and the paving under another. But the only power conferred is to assess abutting owners for paving, and this may include the preparatory grading. The whole must be assessed together, or, if this be not true, no power is conferred to assess the cost of the grading on the abutting owner, and then at some future and uncertain time make another assessment for paving. Powers of this character, which sometimes are onerous burdens on the citizen, and are assessed against his consent, and possibly against his interest, are usually strictly construed.

Counsel for appellee cite and rely on *Buell v. Ball*, 20 Iowa, 282; *Robinson v. The City of Burlington*, 50 Id., 240, and *Koons v. Lucas*, 52 Id., 177. These cases are clearly distinguishable. Because the city had no power to assess the cost of grading against an abutting owner, a suit against him would have been useless, and therefore the plaintiff should not be required to do a useless thing, or incur cost and expense without any benefit; and for this reason he

should not be required to bring such an action before proceeding against the defendant.

II.   There is no provision of either the contract or statute which provides that in no event shall the city be liable to pay for the grading.  Adjudged cases, therefore, in which this fact appears, are distinguishable from this case.  The only provision bearing on this question is in the contract, to the effect that the city agreed to issue to the plaintiff "certificates of assessment against the owners of abutting lots;" and it will be assumed, if the power to make the assessments existed, that the plaintiff could collect the amount due him from the owners, and that he agreed to take such certificates as payment, in so far as the defendant was concerned.   It may be said that the defendant did not in terms agree to pay, but it contracted, and the work was done for a compensation fixed by the city, and to its satisfaction, under an assumed power that the expense could be assessed as a charge on the abutting owner, and, in substance, both parties contemplated that payment should be made in a certain manner, or out of a designated fund.   The plaintiff cannot be so paid.   The defendant had no claim nor demand against the abutting owner, nor the power to create the fund, and yet it contracted that it had.   In *White v. Snell*, 5 Pick., 425, the defendant promised to pay the plaintiff one hundred dollars, "to be paid when I recover of T. Shearman my demands against said Shearman toward the land where I now live, to be paid when recovered of said Shearman, with interest from this date;" and it was held that, if it was established the defendant had no demands against Shearman, the plaintiff was entitled to recover.

 When the city admitted the existence of a debt, and issued certificates of assessment, to the end that the plaintiff could be paid out of a particular fund created by the city, it must be assumed that it guaranteed, or by implication contracted, that such fund existed, or that it had taken, and had the power to take, the steps necessary to create such fund.   Now, when

*2. ——: ——: liability of city for.*

Bucroft v. The City of Council Bluffs.

it turns out that there was no such fund, and that the power to create it did not exist, it seems to us that the city should not and cannot escape all liability under the contract, and it has been so held. *Kearney v. City of Covington*, 1 Metc., (Ky.,) 339; *Sleeper v. Bullen*, 6 Kan., 300; *Maher v. City of Chicago*, 38 Ills., 266. See also 1 Dillon Municipal Corporations, § § 480, 481, 482, (3d Ed.,) and authorities cited in notes.

There is a class of cases which hold in substance that, when the powers of a municipal corporation are defined in the charter or a statute, persons contracting with the corporation are bound to know the extent and character of such powers, and therefore deal with corporate authorities at their peril. *Craycraft v. Selvage*, 10 Bush, (Ky.,) 696; *Zottman v. San Francisco*, 20 Cal., 96; *Swift v. Williamsburg*, 24 Barb., 427. Conceding the correctness of these cases, we do not think they have any application to the case at bar. For, if the plaintiff had looked at the statute, he would have ascertained that the city had the power to grade its streets and pay therefor out of the general fund, and that it did not have the power to make an assessment on the abutting owner; and we think he had the right to conclude that the city would and was bound, as no assessment could be lawfully made, to pay him out of the general fund. The demurrer should have been overruled.

REVERSED.