SCOFIELD & CAVIN v. THE CITY OF COUNCIL BLUFFS.

1. **Cities and Towns:** COST OF GRADING STREETS: ASSESSMENT ON ABUTTING LOTS. The cost of grading a city street, as distinguished from paving it, cannot be assessed to the owners of the abutting lots. (Code, § 465.) But where grading is necessary to secure a proper foundation for a pavement, and the grading is done as an incident to the paving, the cost may be regarded as a part of the cost of paving, for which the owners of abutting lots may be taxed. (Code, § 466.) But whether in such a case the cost of grading may be considered as a part of the cost of paving depends upon the actual necessity of the grading in order to secure a proper foundation for the pavement, and the fact that the city council sees fit to regard the grading and paving as essentially one work is not conclusive of the question.

2. ———: GRADING STREETS UNDER CONTRACT: PAYMENT IN VOID CERTIFICATES OF ASSESSMENT: LIABILITY OF CITY. Where a city, pursuant to a contract, in payment for work in grading streets, issues certificates of assessment upon the owners of abutting lots, it impliedly agrees that they are valid; and, upon its being shown that they are not valid, because the city has no power to assess the cost of such grading upon the abutting lot-owners, the contract cannot be set aside as being invalid, but the city becomes liable for the contract price of the work, and not only for the reasonable value thereof. (Compare *Bucroft v. City of Council Bluffs*, 63 Iowa, 646.)

*Appeal from Pottawattamie Circuit Court.*

FRIDAY, APRIL 23.

THE plaintiffs bring this action as assignees of one Moore, and of one Flageolle, who, it is averred, performed labor for the defendant city in filling certain streets to grade, for which labor, it is averred, the defendant became indebted to the plaintiffs' assignors.   The defendant does not deny the performance of the labor, but avers that the cost of the same was assessed upon abutting lots, and that certificates of assess-

ment were issued to Moore and Flageolle, whereby they became entitled to collect the assessment, and that they agreed to accept the certificates in full payment for the work. There was a trial to the court, and judgment was rendered for the plaintiff. The defendant appeals.

*G. A. Holmes* and *Dailey & Smith*, for appellant.

*Sapp & Pusey*, for appellees.

ADAMS, CH. J.—I. The plaintiffs do not deny the issuance of the certificates as averred, but they aver that the same

1. CITIES and towns : cost of grading streets: assessment on abutting lots.

have no validity, because the city had no power to assess the abutting lots for the work in question. The first question to be determined is as to whether the city had such power. The stat-ute provides for assessing upon abutting lots the cost of paving a street, but does not expressly provide for assessing upon abutting lots the cost of filling a street to grade. On the other hand, the cost of filling to grade is payable out of the general fund. Code, § 465. The paving of a street is supposed, in all cases, to be especially beneficial to the abutting lots, but this cannot always be said of raising a street by filling. The raising of a street in front of a lot is often-times detrimental to it. Whatever benefit accrues is enjoyed by the city at large. The legislature, therefore, as can be seen, very properly made a distinction between the cost of paving and the cost of filling. Notwithstanding this distinction, efforts have sometimes been made to assess upon abutting lots the cost of filling. This was the case in *Bucroft v. City of Council Bluffs*, 63 Iowa, 646, but the right to make such assessment was denied. It was said, however, in the opinion, that paving may include the preparatory grading, and it is insisted that such is the fact in the case at bar.

Such grading, if any, as may properly be considered a part of the work of paving may doubtless, under the statute, be

charged upon the abutting lots. But the grading in the case cited was not a part of the work of paving, and the court did not undertake to say what grading would be. It will be time enough to meet that question when it arises. It seems clear that where streets are filled to grade, and the improvement is of such a character as to be valuable as a distinct improvement, but not necessarily beneficial to the abutting lots, such improvement should be paid for out of the general fund. We do not say that the cost of filling can be charged upon abutting lots wherever it can be shown that they are benefited. Such costs can be charged to abutting lots only under the statute, and the power given by the statute is to charge the lots for paving. Now, as a good pavement can be made upon a street upon a low grade as well as upon a high one, it is manifest that any considerable filling does not, in any proper sense, constitute a part of the work of paving. There may, we suppose, in some cases, be a necessity for a slight change of surface in order to render the construction of a proper pavement feasible. We can conceive that some work of that kind might be regarded as embraced by implication in a contract which provides expressly only for paving. But any substantial change of grade could not be considered as embraced in such contract, and we do not think that the cost thereof can properly be charged upon abutting lots.

The position of the defendant's counsel, as we understand them, is that the question as to whether, in a given case, the work of grading done with the view of subsequent paving is to be deemed a part of the work of paving is to be determined, not by the nature of the case, but by the mode in which the city council have seen fit to treat the matter. Under their theory, as we understand them, the cost of any filling, however great and however detrimental to abutting lots, may be charged upon them, and the question as to whether it is properly charged upon them depends upon how the ordinances, resolutions and contracts of the city are drawn. In other words, they claim, as we understand, that,

if the city council sees fit to treat the filling and paving as essentially one work, then it is such; and not only that, but that it comes under the denomination of paving. They contend that this case is different from the case of *Bucroft v. City of Council Bluffs* by reason of the mode in which the council have seen fit to treat it. But there can be no device of the council by which a burden can be imposed upon the lots which the legislature did not intend they should bear. Without endeavoring to set forth how the council undertook to treat the matter, it is sufficient for us to say that the filling in question does not appear, in any proper sense, to be a part of the work of paving. It had a purpose manifestly independent of paving. We think, then, that there was no power to charge the cost of the filling upon the abutting lots, and it follows that the certificates of assessment issued to the plaintiffs' assignors are void.

II. The defendant, however, contends that, even if this is so, the plaintiffs cannot recover, because it appears that the plaintiffs' assignors contracted to take the certificates in full payment, and that the defendant, upon the issuance of the certificates, however worthless, performed its part of the contract, and became discharged. But it was held in the case above cited that where a city issues, in payment for work, certificates of assessment substantially like these in question, it impliedly agrees that they are not invalid, and that, upon its being shown that they are invalid, the city became liable for the contract price of the work. We see no reason to doubt the correctness of that ruling.

2. ———: grading streets under contract: payment in void certificates of assessment: liability of city.

III. It is insisted that the whole contract was void, and, at most, that the plaintiffs could recover only the reasonable value of the work. But we think otherwise. The invalidity of the certificates could not, we think, affect the validity of the contract for the work, even though it was a special contract as to price.

THE SAME.

We see no error in the rulings of the circuit court, and the judgment must be　　　　　　　　　　　　　　　　AFFIRMED.