DAVIS v. THE CITY OF DES MOINES.

1. **Cities and Towns:** DEBT OF: WHAT CONSTITUTES: CONSTITUTIONAL LIMIT: SEWER TAX. A contract entered into by a city for the building of a sewer, whereby the contractor agrees to accept, in full satisfaction for the whole work, certificates of assessment made upon the property adjacent to the sewer, *held* not to create a debt against the city within the meaning of article 11, § 3, of the constitution, limiting the lawful indebtedness of a city to five per cent of the value of its taxable property.

*Appeal from Polk Circuit Court.*

FRIDAY, MARCH 18.

THE petition sets forth that the defendant is already indebted to the full constitutional limit; that the plaintiff is the owner of certain land fronting on one of the streets of

the city, and that the city, by its officers, entered into a contract with one McCauley to construct a sewer in said street, and to pay him therefor by assessing the contract price thereof against the adjacent property; that the municipal authorities are about to make said assessment, and charge the same upon the lots, and proceed to collect the same of said owner. It is prayed that the said contract be canceled and declared void, and the defendant be enjoined from in any manner attempting to enforce said contract. The defendant, by its answer, denies that it has contracted, or proposes to contract, an indebtedness for the construction of said sewer. There was a demurrer to the answer, which was overruled, and the plaintiff appeals.

*Henry S. Wilcox*, for appellant.

*James H. Dietrick* and *Hugh Brennan*, for appellee.

ROTHROCK, J.—The question to be determined is, did the contract in question create an indebtedness against the city? A copy of said contract is exhibited with the answer. So far as the said contract purports to create an obligation against the city, it is as follows: "The said P. H. McCauley agrees and hereby undertakes to do and perform said work in accordance with the plans and specifications, at the following rate or price, to-wit: one dollar and seventy-four cents per lineal foot or square yard, which price shall cover the cost of the entire work. The said cost is, under the law and ordinances of said city, to be assessed against the private property adjacent to or fronting on the street upon which said improvement is made, and a part thereof, to-wit: in seven annual installments, as provided by the law and ordinances of the city, with six per cent interest. Said assessment is payable as follows: When such assessment is made, and any portion of the work completed and accepted by the city, certificates thereof shall be made out showing the amount levied against each piece of property, and the same shall be delivered to said P. H. McCauley, and the same shall be received by

him in full payment for said work or improvement for the payment of which a special assessment is required by the law and ordinances of said city, and delivered to said P. H. McCauley or order. Said P. H. McCauley agrees to accept said certificates in full payment for any and all work performed by him under his contract, and to collect the same by any of the methods provided by law, and at his own cost and expense; and it is expressly agreed, by and between the parties to this contract, that, upon the issuing of certificates to said P. H. McCauley for any and all work done under this contract, the same shall be received by him in full payment therefor, without recourse to the city of Des Moines, Iowa."

It is provided by section 3, article 11, of the constitution, that "no county or other political or municipal corporation shall be allowed to become indebted in any manner, for any pur pose, to an amount in the aggregate exceeding five per centum on the value of the taxable property within such county or corporation, to be ascertained by the last state and county tax-lists previous to the incurring of said indebtedness."

It seems to us that the contract in question does not create an indebtedness against the city. There is no doubt that the city is authorized by law to make special assessments for improvements of this character upon property adjacent to the improvements. Such are the plain provisions of our statute. See chapter 162, Laws 1878, and section 16, c. 168, Laws 1886. The contract involved in this case expressly provides that the certificates issued by the city shall be accepted by the contractor in full payment for his work, without recourse on the city. The city can never be held liable to any action for the construction of the sewer. Its resources cannot be affected thereby. Its contract is fully and completely performed by ascertaining the amount properly chargeable to the adjacent property, and the issuance of assessment certificates to the contractor.

We think the demurrer to the answer was properly over-ruled.                                  AFFIRMED.