MARTIN TUTTLE v. POLK & HUBBELL et al., Appellants.

Constitutional Law: MUNICIPAL CORPORATION. Section 16, chapter 168, Acts of 1886, in effect, does no more than to permit a city, which can issue no bonds on account of the constitutional limitation, to assign its right to collect a special paving tax to those who do the work. No debt is authorized by it and, hence, it is not unconstitutional.

Same: SPECIAL LAW. That a statute confers a power upon cities having a stated population, only, does not make it a "special law" within article 3, paragraph 30, constitution of Iowa.

Paving Tax: Collection: PARTIAL PAYMENT. A contract to issue certificates for paving done, whenever a full block is finished, is authorized by chapter 168, Acts of 1886, and under such a contract the *whole* tax due for such a block may be collected, though other paving contracted be not then finished, unless the statutory steps are taken which entitle to the right to pay in installments.

| | |
|---|---|
| 92 | 433 |
| 102 | 98 |
| 92 | 433 |
| 107 | 109 |
| 92 | 423 |
| 108 | 249 |
| 108 | 254 |
| 92 | 433 |
| 109 | 391 |
| 92 | 433 |
| 110 | 194 |
| f110 | 198 |
| 92 | 433 |
| 112 | 315 |
| 92 | 433 |
| 118 | 179 |
| 92 | 433 |
| 126 | 684 |
| 92 | 433 |
| 133 | 670 |
| 92 | 433 |
| 137 | 469 |
| 92 | 433 |
| 139 | 30 |

SAME. A contractor who collects paving certificates by suit in equity, will not lose interest and collection fees as allowed by Code 479, because small sums were erroneously charged upon some of the property affected; no tender of the sum rightly due having been made. *City v. R'y Co.*, 88 Iowa, 291, and *Dittoe v. City*, 74 Iowa, 66, distinguished.

SAME: PRACTICE. Objection to the basis of apportionment, or that assessment is excessive or erroneous in incidentals, should be made while the assessment is pending.

SAME. A duly issued paving tax certificate is presumed to be legal and proper till the contrary is shown. GRANGER and KINNE, JJ., dissenting from the holding in *Tuttle v. Polk*, 84 Iowa, 12, that chapter 44, Twenty-second General Assembly, authorizes a city council to cure an invalid special assessment, by a subsequently enacted ordinance.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

FRIDAY, OCTOBER 26, 1894.

ACTION in equity to recover amounts alleged to be due on assessment certificates issued for paving, and to establish liens therefor.   There was a hearing on the merits and a decree in favor of the plaintiff.   The defendants appeal.—*Affirmed.*

*J. S. Polk* for appellants.

*Gatch, Connor & Weaver* for appellee.

ROBINSON, J.—In December, 1887, the plaintiff commenced against the defendants three actions in equity to recover amounts alleged to be due by reason of the paving of streets in front of different lots owned by the defendants in the city of Des Moines.   The paving was done under an agreement with Regan Brothers & Company, which was under consideration in *Coggeshall v. City of Des Moines*, 78 Iowa, 236, 41 N. W. 617, and 42 N. W. Rep. 650.   It was held in that case that the agreement was unauthorized, by reason of the failure of the city council to determine in ad-

vance the character of the paving, and the material of which it should be composed, and to give due notice of the letting of contracts therefor, and that the assessment for the paving was invalid because the council, in consequence of the omissions stated, had no power to make it. After the opinion in that case was filed, the city council, acting under chapters 5 and 44 of the Acts of the Twenty-second General Assembly, enacted in 1888, passed an ordinance, in terms, ratifying, adopting, and confirming what had been done previously in regard to the letting of the contract, and providing for a reassessment of the cost of the paving, and for notice thereof to the property owners. A reassessment was made according to the provisions of the ordinance, the certificates on which the three actions of plaintiff were originally brought were surrendered, and in lieu thereof certificates under the new assessment were issued. After that was done the plaintiff filed in each case an amended and substituted petition, founded upon the new certificates. Answers were duly filed by the defendants, and the three actions were consolidated, heard on the same evidence, and determined together as one. The plaintiff seeks to recover the amount of the original assessment, together with interest thereon at ten per cent per annum from the date of the reassessment, and five per cent of the amount of principal and interest to defray the expenses of collection, and costs, and asks to have liens for the amounts to which he is entitled established against each lot or parcel of ground owned by defendants, for the assessment for which it is liable. General equitable relief is also demanded. The defendants deny liability on account of the paving and assessment certificates, deny the validity of the certificates, and allege that no liability for the paving exists against them, and that the certificates are invalid, for various rea-

sons, which are set out in the answers. The district court decreed to the plaintiff the relief he demands.

I. The appellants claim that this action is brought under sections 478 and 479 of the Code, to recover the proportion of the reasonable value of the paving for which the lots in question should be held liable, and that the defendants may plead and establish any defenses they may have to the action, and may, in that manner, inquire as to the validity of the contract under which the paving was done, and the quality and value of the material and labor furnished. The petitions contain averments which furnish some ground for the claim thus made, but the appellee, in argument, states that the actions are based solely upon the second counts of the petitions, and those counts are founded upon the certificates. Therefore the action will be treated in all respects as seeking recovery upon the certificates alone, and not under sections 478, 479 of the Code, excepting so far as they are applicable to such certificates. The certificates involved in this case were issued on the same contract and reassessment proceedings as was that considered in *Tuttle v. Polk*, 84 Iowa, 18, 50 N. W. Rep. 38. In that case it was held that the reassessment was authorized and valid. Much of what was there said is applicable in this case, and to that extent will be treated as controlling. But the validity of the reassessment is now assailed on grounds not before considered.

II. It is conceded that the improvement in question was of a kind which the city of Des Moines was authorized to make, but it is said that a valid contract therefor could not be entered into, for the reason that the city was, at the time it was attempted, indebted in the full amount authorized by the constitution, and that the contract, if valid, would have created an additional indebtedness. Section 3 of article 11 of the constitution of this state is as follows:

"No county, or other political or municipal corpora-
tion, shall be allowed to become indebted in any man-
ner, or for any purpose, to an amount in the aggregate
exceeding five per centum on the value of the taxable
property within such county or corporation, to be
ascertained by the last state and county tax list, pre-
vious to the incurring of such indebtedness." It is
shown that the indebtedness of the city reached the
limit named when the contract under which the paving
was done was entered into, and at the time of the
reassessment. The cost of the paving, as fixed by the
reassessment, was eighty-four thousand, eight hundred
and forty-five dollars and twenty cents; and it is stated
by appellee that certificates of the character of those
in suit, to the amount of nearly a million of dollars,
have been issued by the city. The question to be
determined on this branch of the case is whether such
certificates, if valid, create an indebtedness against the
city, within the meaning of the constitution.

The authority under which the city acted in enter-
ing into the agreement is found in chapter 168 of the
Acts of the Twenty-first General Assembly, enact-
ed in 1886. The city of Des Moines is within
the provisions of that act. It authorizes contracts
for paving and curbing streets and constructing sewers
in cities to which it applies, and provides for the
issuing of bonds in payment. The cost of the improve-
ment is to be assessed upon the property fronting or
abutting upon it, and placed on the tax list of the
county, and is payable at the office of the county treas-
urer. All money received from the assessments is to
be appropriated to the payment of the interest and
principal of the bonds, or certificates, if any are issued
under section 16 of the act. The section is as follows:
"Section 16. If by reason of the prohibition contained
in section 3, article 11 of the constitution of this state
it shall at any time be unlawful for any such city to

issue bonds as by this act provided, it shall be lawful for such city to provide by ordinance for the issuance of certificates to contractors, who under contract with the city shall have constructed any such improvement, in payment therefor, each of which certificates shall state the amount or amounts of one or more of the assessments made against an owner or owners and lot or lots on account and for payment of the cost of any such improvement, and shall transfer to the contractor, and his assigns, all of the right and interest of such city to, in and with respect to every such assessment, and shall authorize such contractor and his assigns to receive, sue for, and collect, or have collected, every such assessment, embraced in any such certificate, by or through any of the methods provided by law for the collection of assessments for local improvements, including the provisions of this act.'' The certificates in question were issued under the authority of that section and chapter 44 of the Acts of the Twenty-second General Assembly. The last named act is only designed to cure defects, and provide for the reassessment and relevy of special taxes in certain cases, and does not otherwise add to the power, if any, conferred upon the city by section 16, quoted, to create indebtedness. There is nothing in that section which makes the city in any manner liable for the payment of the certificates. It merely authorizes the transfer to the contractor or his assignee of all the right and interest of the city in the assessment, in payment of the improvements made. The plain legislative intent was to provide a means for paying for improvements contemplated by the act without the incurring of any liability on the part of the city, acting under the provisions of section 16.

It is well settled that a municipal corporation may assume an obligation to pay money, without incurring a debt, in a constitutional sense, if payment can and is

to be made from the current revenues of the corporation. *Grant v. City of Davenport*, 36 Iowa, 396; *Dively v. City of Cedar Falls*, 27 Iowa, 228; *Anderson v. Insurance Co.*, 88 Iowa, 579, 55 N. W. Rep. 353. The contract under which the paving in question was done contains this provision: "It is expressly understood and agreed that the cost of the aforesaid improvement is assessable against private property, and the duty and liability of the city to said Regan Brothers & Company, or any person claiming under them, shall be confined to its power to impose and collect said assessments, and, if collectible by it, to pay the same, in certificates, to the contractors herein, or the person entitled thereto, said certificates to be collected and enforced against the property upon which they are a lien for such improvements, by the person or parties entitled to enforce the same; and it is further expressly understood that, upon the transfer of any certificate to the contractors herein for any work done by them under this contract, all further liability of the city to said contractors, or any person claiming under them, shall cease." The obligation which the city attempted to assume by the contract was, in terms, confined to its power to impose and collect assessments for the improvements, and, if collectible by it, to pay the same in certificates, to the contractors, or other person entitled thereto. It was expressly provided that upon the transfer of the certificates the liability of the city to the contractors, and to persons claiming under them, should cease. The city did not attempt to assume any obligation for the payment of money, and only agreed to perform those duties which are required of it by statute, where payment for improvements is to be made in assessment certificates. It did not attempt to guarantee the payment of the certificates, although it is said that it guaranteed the legality and regularity of the certificates, and the right of the owner to recover on

them. We find nothing in any resolution or ordinance adopted or action taken by the council of the city of Des Moines which attempted to authorize any guaranty of that kind. It is true that the original assessment certificates, and those now in suit, contain statements to the effect that the assessments were authorized by, and made according to, a law and ordinances of the city, and that each of them contains the following: ''It is hereby further certified that all the provisions of the law and ordinances of said city respecting the issuance of this certificate have been fully complied with.'' But, so far as we have been able to discover, these statements were not made by authority, nor pursuant to any agreement with the contractor. Whether, in view of the fact that the powers of the city and of its agents are fixed by statute or ordinance, and that all persons dealing with them are chargeable with notice of the limitations of their power, such statements could be given any legal effect under the facts disclosed by the record, we do not find it necessary to determine, for we are of the opinion that they did not in fact create any indebtedness, within the meaning of the constitution. Plaintiff was a member of the firm of Regan Brothers & Company, and their contract, in terms, provided that the certificates should be received by them in full payment, and that upon their delivery all liability on the part of the city should cease. The certificates have been delivered as required by the contract, and no complaint is made by the plaintiff, or the firm of which he was a member, that the city has failed to perform the contract. In the case of *Bucroft v. City of Council Bluffs*, 63 Iowa, 646, 19 N. W. Rep. 807, relied upon by the appellants, no question of a debt in excess of the constitutional limit was made, and stress was placed in the opinion upon the fact that there was nothing in the statute or contract involved in that case which exempted the city.

from liability for paying for the improvement. That seems to have been true in *Scofield v. City of Council Bluffs*, 68 Iowa, 695, 28 N. W. Rep. 20, where the rule of the *Bucroft* case, that by issuing an assessment certificate the city, by implication, contracted that a fund to pay it existed, or that it had taken, and had the power to take, the steps necessary to create the fund, was followed. See, also, *Polk Co. Sav. Bank v. State*, 69 Iowa, 24, 28 N. W. Rep. 416.

It is said that the provision of the constitution in question was intended to protect the taxpayer from the reckless and corrupt acts of public officers, that the municipal corporations and the citizens thereof are one and the same, and that debts contracted by the corporation are debts of the citizens and taxpayers. There is a sense in which that is true, but it is not recognized in the constitution. That does not limit the amount which may be levied, in the form of taxes and special assessments, upon the property within the state. It recognizes the county and other political and municipal corporations as being distinct entities. Although none can incur an indebtedness in excess of five per centum of the value of the taxable property within its limits, yet the same territory, and, therefore, the same property, may be included within the limits of different corporations, as those of a county, city, or town, and school district, and be subject to taxation for the debt of each. Strictly speaking, such a debt is not a lien upon any taxable property, nor a claim against any taxpayer, until a levy or an assessment has been made. Some property may be within the corporate limits when a debt is created, and without them when the tax for its payment is assessed. So the property owner, whose influence helps to create the debt, may have no property taxable within the corporate limits when the debt becomes due. It seems clear that in such cases the debt of the corporation is not primarily the debt of

the owners of property within its limits, and the case is not different, in a legal sense, when an assessment is made for the payment of the debt at the time it is created, although in that case each property owner who has property subject to assessment may be liable for a definite portion of the debt. In this case the city attempted to enter into a contract for paving, for which a fixed compensation was to be paid. The contract did not require any payment to be made by the city, excepting in certificates, but provided that the agreed price should be collected by means of assessments. The paving of the streets is one of the purposes for which the city exists, and for which it might have assumed liability, had its debt not reached the constitutional limit; but it guarded against the assuming of any liability, and placed the burden of the improvement upon the owners of property which fronted upon it. That right was given by a statute which was especially designed to authorize the making of such improvements without cost to the city, and we find nothing to prevent giving it full effect. We do not think there is any sufficient reason for holding that the city is in any respect liable for the amounts represented by the certificates, nor that the obligation of the taxpayer is the debt of the city. In *Davis v. City of Des Moines*, 71 Iowa, 500, 32 N. W. Rep. 470, it appeared that a contract for the construction of a sewer was entered into, similar to the one attempted to be made in this case, and under the same statute. It was held that an assessment certificate issued pursuant to the contract to pay for the improvement did not create an indebtedness against the city. We conclude that section 16 of the Act of the Twenty-first General Assembly in question is not unconstitutional, as attempting to provide for the creation of a debt in excess of the amount authorized by the constitution.

III.   It is contended by appellants that the act of
the twenty-first general assembly and chapter 44 of
the Acts of the Twenty-second General Assembly, under
which the assessments in question were made, are
unconstitutional, for the reason that they are in viola-
tion of section 30 of article 3 of the constitution
of Iowa, which contains the following: "The
general assembly shall not pass local or special
laws in the following cases:   For laying out, opening,
and working roads or highways. * * *   In all the
cases above enumerated and in all other cases where a
general law can be made applicable, all laws shall
be general, and of uniform operation throughout the
state. * * *"   It is said that a street is a road or high-
way, within the meaning of the constitution.   That
may be conceded, but the appellants have failed to
show in what respects the acts in question were local
or special, as applied to streets.   It is said that the
acts are special because they were made to apply only
to such cities as contained a population of more than
thirty-thousand inhabitants.   The act of the twenty-
first general assembly applies to "all cities of the first
class in this state containing according to any legally
authorized census or enumeration a population of over
thirty thousand."   At the time it was enacted the city
of Des Moines was the only one in the state having a
population as great as the number stated, but that fact
did not make the act special, for the reason that it was
not restricted to cities having the required population
at the date it became a law, but was general, applying
to all cities which should thereafter have more than
thirty thousand inhabitants.   *Owen v. City of Sioux
City*, 91 Iowa, 190, 59 N. W. Rep. 3; *Haskel v. City of
Burlington*, 30 Iowa, 236; *Land Co. v. Soper*, 39 Iowa,
115; *Wheeler v. Philadelphia*, 77 Pa. St. 348.   There
are now at least three cities in the state to which the
act applies, and no doubt, in the course of time, there

will be others. The act is therefore general, within the meaning of the constitution. There is even less ground for the objection made to chapter 44 of the Acts of the Twenty-second General Assembly. That, in terms, applies to all cities of the first class, and to cities organized under special charters, in which, by reason of an . alleged nonconformity to law or ordinance, or by reason of any omission or irregularity, any special tax or assessment is invalid, or its validity is questioned.

IV. The contract with Regan Brothers & Company provided for paving on several different streets at a uniform price of one dollar and forty-seven cents for each square yard. Some of the work thus provided for has never been done. The appellants contend that no recovery can be had for paving done until all which the contract required has been completed, and cite numerous authorities to sustain the claim thus made.

We are of the opinion that they are not applicable to this case. Section 2 of the Act of the Twenty-first General Assembly referred to provides that such contracts may be for the entire work, in one contract, or parts thereof, in separate and specified sections. Section 6 authorizes partial payments as the work progresses. The evident purpose of these sections was to authorize payment for part of the improvements under contract before all should be completed. That necessarily involves the making of assessments from time to time during the progress of the work. The contract in question provided that when the contractors should complete upon any street or alley a full block, or three hundred and fifty lineal feet, of paving, which should be duly accepted, then the city should issue certificates for the work so completed. Under the statute and the agreement, each full block, or section of three hundred and fifty feet, of paving, became a taxing district, for the purpose of ascertaining the amount of

the assessments to be made on the property fronting or abutting on the improvement so completed. The completion of all the work required by the contract was therefore not necessary or material to the assessment of the cost of any completed section. Section 12 of the Acts of the Twenty-first General Assembly provides for the payment of the assessment on each lot in seven equal annual installments, with interest at the rate of six per cent per annum. Section 17 provides that, when assessment certificates have been issued, the owner of the property on which an assessment has been made may indorse in writing on the certificate, which includes such assessment, an agreement not to make any objection thereto of illegality or irregularity, and to pay the same, with interest thereon, and by so doing be subject to the provisions of the act authorizing payment in annual installments. Section 18 provides that the lot owner who does not make such an agreement shall pay the assessment in full when it is made. The defendants have not signed the required agreement, and their assessments were payable when made.

V. The reassessment is objected to on the ground that no method of apportioning the cost of any section of the improvement among the different lots fronting upon it was provided in advance of the reassessment by any competent authority. In proceeding to reassess the cost of the paving, after the *Coggeshall* case was decided, the council of the city of Des Moines passed an ordinance which provided for a reassessment, which was afterward amended. A reassessment was made by the board of assessors, consisting of the city engineer and board of public works, and a report thereof, showing the assessments made, was filed in the proper office. A notice of the reassessment, showing the amount apportioned to their lots, was served upon the defendants, and an opportunity

given them to have errors corrected. The only objection they made was in the form of a protest against further action under the contract, on the ground that it had been held to be void. The reassessment, as made by the board of assessors, was adopted by the council, and steps were taken to enforce it. The claim is now made that some basis of apportionment, as, according to the frontage of the lots assessed on the improvement made, should have been adopted in advance of the reassessment. Whether the objection is well founded, we do not determine. As based upon the facts of this case, it is, at most, purely technical. If it had any merit, it should have been made pending the reassessment, when opportunity for the correction of errors was offered, and will not be given weight now. *Tuttle v. Polk*, 84 Iowa, 18, 50 N. W. Rep. 38; *Ford v. Town of North Des Moines*, 80 Iowa, 636, 45 N. W. Rep. 1031; *Macklot v. City of Davenport*, 17 Iowa, 385.

VI. It is claimed that the amounts for which the assessment certificates were issued are excessive. They, in effect, provide for the payment of the original assessment, with interest thereon from the date it was made. It was held in *Tuttle v. Polk, supra*, that the certificate holder was not entitled to interest for time preceding the reassessment, but no claim for such interest is now made in the case. It is also said that certain incidental expenses were erroneously added to the contract price of one dollar and forty-seven cents per square yard for paving. Those expenses were for the cost of advertising for bids, for publishing notices, and for services of inspectors of the improvements. This objection, if well founded, should have been made pending the reassessment proceedings. The same is true of certain claims founded upon alleged defects in the quality of the paving blocks furnished. The appellants, to maintain a right to show that the certificates

were issued for excessive amounts, rely to some extent upon the case of *City of Muscatine v. Chicago, R. I. & P. R'y Co.*, 88 Iowa, 291, 55 N. W. Rep. 100, and *Dittoe v. City of Davenport*, 74 Iowa, 66, 36 N. W. Rep. 895. In neither of those cases was recovery sought upon assessment certificates. The one first named was brought under sections 478 and 479 of the Code, to recover for improvements made by the city; and it was held that the burden was upon the city to show the cost of the improvement, and the property against which it is chargeable. The *Dittoe* case was brought to recover a tax for improvements alleged to have been illegal and to have been paid under protest, and it was held that the city was entitled to the tax under the sections named. Nothing said in either case is in conflict with the conclusions we reach in this. Where recovery is sought upon an assessment certificate which appears to be regular and valid, the burden is not upon the holder to show in the first instance that it was properly issued for the sum named, but it will be treated as at least *prima facie* evidence of indebtedness, and the burden is upon the party resisting payment to show that the certificate is invalid or defective.

VII. Section 18 of chapter 168 of the Acts of the Twenty-first General Assembly provides that assessments for the improvements therein contemplated may be collected by any of the methods provided by law for the collection of assessments for local improvements. Section 478 of the Code authorizes a proceeding at law or in equity, in the name of the corporation, or of any person to whom it shall have directed payment to be made, to recover such assessments, and enforce liens therefor; and this action was properly brought on the assessment certificates, under that section. The next section authorizes the recovery of interest on assessments regularly made, from the time they were made,

at the rate of ten per cent, and a collection fee of five per cent to be included in the judgment or decree rendered. The appellants contend that interest at the rate stated, and a collection fee, can so be recovered only when the assessment was regularly made for just the amount due, and that as the reassessment included interest not allowable, the allowance specified should not be made in this case. Under the rule announced in *Tuttle v. Polk, supra*, the reassessment was valid; and therefore, within the meaning of the section, was regular. When it was made it became the duty of the defendants to pay the amounts properly assessed, and the fact that small sums, not properly chargeable to them or to their lots, were erroneously included, did not excuse them from the duty of tendering payment of the amounts actually due. The items in question were allowed in the case last cited, and the rule there adopted will be followed in this case.

VIII. Questions we have not specially noticed have been presented in argument, and considered with care. Most of them are disposed of by what we have already said. Others are of minor importance, and it is not necessary to state them. We find no reason for disturbing the decree of the district court, and it is therefore AFFIRMED.

GRANGER, C. J. (*dissenting*).—The conclusion in this case can only be sustained by a practical reaffirmance of the holding in the case of *Tuttle v. Polk*, 84 Iowa, 12, 50 N. W. Rep. 38. In a dissenting opinion in that case, I expressed my views as to the effect of the proceedings of the city council under the Acts of the Twenty-second General Assembly, to which views I still adhere.

KINNE, J., concurs in this dissent.