OTTUMWA BRICK & CONSTRUCTION CO. v. JOSEPH AINLEY, CARRIE M. METZGAR nee KOONS, and T. P. & S. D. BAKER, Appellants.

**Paving Contract on Bid :** VALIDITY. An ordinance for paving provided that the contractor should accept in payment the certificates of special assessments, except as to intersections and improvements in front of city and other property not subject to assessment. The advertisement for bids contained the same provisions. But one bid was offered, conditioned that the city should guaranty the certificate to be issued against certain abutting property, which was of small value, and lay below highwater mark on the Des Moines river. Such bid was accepted, the work done, and the guaranty made by the city. *Held*, that the property to which the guaranty applied being state property, and not subject to assessment, the city would have been liable for the cost of the paving in front of it without the guaranty, and that, there having been no other bidder, the acceptance of the bid with the condition attached did not render the contract invalid, nor operate to the prejudice of owners of other abutting property.

PAYMENT FROM GENERAL FUND : *Rights of abutting owners.* There is nothing in the law to prevent a city, whose finances will admit of so doing, from paying for the cost of paving a street from its general fund ; and it may lawfully contract to pay the cost of such improvement in front of property so nearly valueless as to

render an assessment thereon unavailing without affecting the validity of assessments against abutting property for other portions of the work.

IRREGULARITIES. Under Code, 1873, sections 478, 479, which permit a recovery on a special assessment for street improvements where the work has been done and the property is properly chargeable therefor, "notwithstanding any informality, irregularity, or defect," the fact that a contract let for such improvement does not conform exactly to the ordinance or advertisement for bids is not jurisdictional, and if the variance is not prejudicial to property owners, it may be disregarded.

Grant by City: ORDINANCES : *Deed*. Where a city, in straightening a street, vacated a strip of ground in front of the abutting lots on one side, and by ordinance donated the portion of such strip in front of each lot to the owner of such lot, to become a part thereof, and authorized the mayor to execute conveyances accordingly, the inclosure with a lot of the portion of such strip in front of it, and the maintenance of such inclosure for a number of years, with the knowledge of the owner, vested him with the equitable title, so as to render the lot assessable as abutting property for street improvements, although no conveyance was executed as provided by the ordinance.

Appeal : AMENDMENT OF ISSUES. A case must be heard on appeal on the same issues presented to the lower court, and no other, and an amendment to a pleading filed in the supreme court will be stricken out.

*Appeal from Wapello District Court.*—HON. M. A. ROBERTS, Judge.

WEDNESDAY, OCTOBER 18, 1899.

ACTION in equity to recover amount due on certificates issued for paving assessments, and to establish liens therefor. Various defenses were set up in the answers, some of which have been abandoned. We shall note fully in the opinion the matters pressed in argument. From a decree in plaintiff's favor, defendants appeal.—*Affirmed.*

*Jaques & Jaques* and *Steck & Smith* for appellants.

*McNett & Tisdale* for appellee.

· WATERMAN, J.—The proceedings adopted for the levy
of the tax in question are not complained of prior to the
acceptance of plaintiff's bid for the work. The resolution
ordering this improvement contained the following pro-
vision: "That all work shall be let upon contract,
which shall obligate the contractors to accept such
certificates, whether indorsed or not, in full compen-
sation for the work and labor of all such improvements
except as to the intersections of streets, highways, avenues,
and spaces opposite alleys or improvements in front of city
property and all property not subject to special assessment."
The advertisement for bids provided for like terms. In
response to the proposals, but one bid was made,—that of
plaintiff,—and to this was attached the following condition:
"The condition of this bid is that the city of Ottumwa shall
guaranty to the Ottumwa Brick and Construction Com-
pany the payment of the certificate to be issued against the
property on the west side of the street for the distance of
three hundred feet south of the south end of the wagon
bridge." This bid was accepted, and a contract in accord-
ance therewith, binding the city to guaranty the certificate
specified, was duly entered into, and the work claimed for
was done thereunder. The three hundred foot strip of
ground for which this guaranty was given is lowland next
the Des Moines river, subject to overflow in ordinary high
water, and was of little or no value. The appellants con-
tend, in the first place, that the making of this contract
involved an excess of power on the part of the city. The
reasons given for this claim are as follows: "It exceeded
its power, because no notice was given, or advertisement
made, that the city council would accept bids conditioned as
appellee's bid was conditioned. It exceeded its power, because
there was no chance given for competitive bidding for a
contract such as was entered into by the city with the appel-
lee. It exceeded its power, because the resolution ordering
the work provided expressly that bids should be received

for making the improvement, the contractors to look exclusively to the assessment certificates and intersection tax for their pay; and under the provisions of Ordinance 407 the advertisement for bids was required so to state, and in fact did so state in this case, and yet the city accepted a bid by the terms of which it guarantied the payment of the certificate to be issued for three hundred feet of paving on the west side of said street from the south end of the bridge, without a new advertisement for bids so conditioned. It exceeded its power, because the acceptance of a bid so at variance with the advertisement as this one was, violated the object, spirit, and intent of the statute and ordinance in relation to advertisement for bids and competitive bidding. It exceeded its power, because the contract made was in direct conflict with the ordinance and resolution and the advertisement for bids under which the improvement was authorized, in this: that the city, in such ordinance, resolution, and advertisement, expressly says that the contractors must look alone to the assessment certificates and intersection tax for their pay, and that in no event will the city incur any liability; and then, without further notice, enters into a contract guarantying the payment of at least one thousand one hundred and eighty-eight dollars worth of paving along said street where there is no land above ordinary highwater mark against which an asessment can be levied, in direct violation of such resolution, ordinance, and advertisement, without requiring new bids, and by reason of the suspicion—to say the least of it—that there is a private understanding that such a bid would be accepted. It exceeded its power, because the making of such contract, under the circumstances disclosed in this case, is a legal fraud upon the abutting property owners. The city will not be allowed to provide one mode of procedure by its ordinances and resolutions, and then contract for another and directly different thing." It seems to be admitted that the land in question is below ordinary high-water mark. This being true, the title thereto is in the state. *Steele*

*v. Sanchez,* 72 Iowa, 65, and cases cited. In such a case
the city would lack power to impress the property with an
assessment of this character. *Polk County Savings Bank
v. State,* 69 Iowa, 24. It is held, further, in this last case,
that the city is responsible for the cost of such work when,
for any reason, a valid assessment cannot be made. See,
also, *Bucroft v. City of Council Bluffs,* 63 Iowa, 646. It
therefore appears that, in the absence of any express pro-
vision in the contract, the city would have been liable as upon
an implied guaranty for the cost of the improvement in
front of this property. It will be noticed that the resolution
ordering the paving expressly states that the contractor shall
not be required to accept certificates for street intersections,
or for the improvement in front of property not subject to
special assessments. This provision as to terms of payment,
as carried into the advertisement for bids, omits the clause
relating to property not liable for special tax. But the
law necessarily implies this exception. The guaranty in the
contract, if but expressive of a liability that would have
existed in its absence, could not affect the legality of the
instrument.

II. But we need not rest our holding wholly upon
this ground. It is clear that the tract of land in question
was so nearly valueless that a lien upon it would have been
of no practical worth. Without the city's guaranty,
the cost of paving in front of this property would
have had to be apportioned against the other real
estate abutting on the improvement; that is, the cost to the
other property owners would have been increased by the
amount necessary to make the improvement in front of this
tract. There is nothing in the law to prevent a city, whose
finances will admit of so doing, from paving for improve-
ments like that in question out of the general fund. If it can
lawfully pay for a whole, it can for a part. We grant that,
if other bids had been made upon the work in accordance
with the proposals,—that is, free from the condition objected

to,—there would be serious question, under the phase of the case we are now discussing, whether the municipality could have lawfully accepted plaintiff's bid.    But there is no question here of stifling competition.    Competitive bids were sought in a proper manner, and upon proper terms. No bid save that of plaintiff was received.    The fact that the city, in order to hold this bid, guarantied an amount which it had a right to pay, should not have the effect to annul the whole proceeding.    This is especially true where the guaranty is in the interest of the abutting owners.    This position, we think, has some support in *Osburn v. City of Lyons,* 104 Iowa, 164, and cases cited therein.

III.    Furthermore, we may say that the matter set up is not jurisdictional; it is an irregularity, which may be disregarded, under sections 478, 479, Code 1873, which were in force when the action at bar was instituted. *City of Burlington v. Quick,* 47 Iowa, 227.    The present action, we think, should be regarded as governed by these sections.    *Tuttle v. Polk,* 92 Iowa, 433.

IV.    The defendant Carrie M. Metzgar sets up, as a special defense, that her property does not abut upon the street which was improved.    The facts as to this claim are these:    Church street (the one in question) was originally laid out with a bend or curve in it opposite this defendant's land.    In January, 1891, the lines of the street were straightened by ordinance in such a manner as to leave something more than ten feet of ground between the new street line and her lot line.    Sections 4 and 5 of this ordinance are as follows:

"Sec. 4.    Said city of Otumwa hereby gives, grants, bargains, and conveys to the respective owners of lots in Robert Fellows' addition fronting on Church street, shown as Green street on the original plat of said addition, all those portions of said Church street which are vacated by section two of this ordinance, the respective owners of said lots to take simply such portions of said vacated portions

of Church street as lie between their respective lots and
Church street as re-established by section one of this ordin-
ance; the same to become a portion of said respective lots,
and to be divided by a continuation of the lines of said
lots to Church street as re-established by this ordinance,
and to be hereafter known as a part of said lots, respectively,
and the title of the same to pass by conveyance of said
respective lots by numbers.

"Sec. 5. That the mayor of the city of Ottumwa is
hereby authorized and empowered in the name of said city
to execute deeds to said respective owners of lots in Robert
Fellows' addition conveying to said owners all right, title,
and interest of the city of Ottumwa in the vacated por-
tions of said Church street lying between their respective
lots in said addition and said Church street as relocated
by section one of this ordinance."

After the adoption of this ordinance, the fence on
defendant's property along the old street line was moved out
to the new line fixed, and the strip of ground so vacated
was inclosed in her lot, and has remained so since. We are
of the opinion that the grant contained in section 4, together
with the possession taken by defendant, operated to vest in
her the equitable title to the land in question. *Dempsey
v. City of Burlington,* 66 Iowa, 687; *City of Marshalltown,
v. Forney,* 61 Iowa, 578. Such ownership would make the real
estate assessable for purposes of this character. *City of Mus-
catine v. Chicago, R. I. & P. Ry. Co.,* 79 Iowa, 645. There is
some claim that the fence was moved out without the owner's
consent, and for a temporary purpose only; but it has been
permitted to so remain ever since it was erected, and it
seems reasonably clear that the intention was to take and
hold the ground under the ordinance.

V. After this appeal was taken, an amendment to the
answer of defendants was filed in this court. Appellee moves
to strike this pleading from the files, and this motion must

be sustained.   The case must be heard here upon the issues. tried below, and no other.  *Dormoy v. Knower,* 55 Iowa, 722; *Bicklin v. Kendall,* 72 Iowa, 490.  The claim is made that the pleading in question presents an issue of law only.  If it raises no new issue of fact, it is immaterial, and for that reason should be stricken.  The question presented is quite different from that raised by an amendment to the assignment of errors.

We have considered all the questions raised in argument, and our conclusion is that the decree of the district court should be AFFIRMED.