LOUISE LANDIS, Appellant, v. CITY OF MARION, Appellee.

**MUNICIPAL CORPORATIONS:** Streets, Etc.—Paving—Disregard-
1 ing Established Grade—Effect. Substantially disregarding the
established grade of a street, to the substantial injury of abutting
property, deprives the city of power to assess the cost of paving to
such property.

> PRINCIPLE APPLIED: In 1895, a city duly established the
> grade of a street. The street was later graded to such grade,
> thereby leaving the surface of plaintiff's property, which fronted
> to the north, about four feet higher than the said grade. Valuable
> improvements were then made by plaintiff in his property, in the
> way of buildings, permanent sidewalks, and planting of trees. In
> 1914, the city ordered the street paved at the established grade.
> To avoid a drainage problem, the members of the council agreed,
> *orally and informally,* that the paving in front of plaintiff's prop-
> erty should be laid two feet lower at the northeast corner and one
> foot lower at the northwest corner (a distance of 120 feet) than
> the established grade, and it was so laid. Retaining walls became
> necessary for plaintiff's property. The old permanent sidewalks
> were destroyed, and likewise the trees in the parking. *Held,* the
> city was without power to assess the cost of the paving upon plain-
> tiff's property.

**MUNICIPAL CORPORATIONS:** Streets, Etc.—Change of Grades—
2 Ordinance. The established grade of a street may be changed
only by ordinance.

*Appeal from Linn District Court.*—JOHN T. MOFFIT, Judge.

· WEDNESDAY, MAY 10, 1916.

IN the district court, this was an appeal from a paving
assessment ordered by the city council of the city of Marion.
The trial resulted in a reduction of the assessment and denial
of further relief. The assessment against plaintiff was con-
firmed as against one parcel of property in the amount of $50,
and as against another parcel in the amount of $200, the orig-
inal assessment appealed from being in the amount of $232.32

against each parcel. From such order of the district court, the plaintiff has again appealed.—*Reversed*.

*Voris & Haas* and *E. A. Johnson*, for appellant.

*Edward J. Dahms*, for appellee.

EVANS, C. J.—The plaintiff is the owner of a residence property in the city of Marion, specifically described as the north 80 feet of Lots 1 and 2 in Block 7 in the city of Marion. The property is located in the northeast corner of its block. On its east side is 8th Street, running north and south. On its north side is 9th Avenue, running east and west. Lots 1 and 2 extend north and south. Each lot is 60 feet wide abutting on 9th Avenue. The dimensions of plaintiff's property, therefore, as a whole, are 80 feet abutting upon 8th Street on the east by 120 feet abutting upon 9th Avenue on the north. In 1895, a grade was legally established for 8th Street and for 9th Avenue. The street and avenue were actually cut to such established grade about 10 years ago. The natural surface of plaintiff's property was about four feet higher than the grade thus established. Shortly thereafter, valuable improvements were made and added to the property. Permanent sidewalks were constructed. Trees were planted to take the place of others which had been destroyed by conforming to grade. A considerable addition to the house was constructed, at a cost of $700. In 1914, by regular proceedings of the city council, a pavement was ordered to be laid at the established grade on 9th Avenue, and the contract therefor was let accordingly. In the execution of the project, however, the members of the city council and their engineer became convinced that it would be advisable to lay the paving across the intersection of 8th Street and 9th Avenue and extending westward along the north frontage of plaintiff's property, at an elevation considerably below the established grade. It was accordingly ordered orally that the excavation of the avenue should be made to a

depth of two feet below the established grade at the intersection with 8th Street. The arbitrary grade thus adopted in the excavation was made to approach the established grade as they proceeded west, and came up to such established grade at 7th Street, which was the first parallel street west of 8th Street. The excavation, therefore, directly opposite the plaintiff's property was approximately two feet deeper than the established grade at her east line, and approximately one foot deeper at her west line.

In the adoption of this arbitrary grade, no formalities whatever were observed by the city council. No ordinance was passed, nor does it appear that any kind of record was made pertaining thereto. The regularly established grade as it appears from the ordinances still remains as enacted in 1895. The effect upon the plaintiff's property was that it was carried to an elevation of six feet above the new level of the street. Retaining walls became necessary to its support. The permanent walks formerly laid to the established grade must be rebuilt. The trees planted in the parking to conform to the established grade will be destroyed and must needs be replaced by other plantings. The action of the city council, though arbitrary and irregular, was not in bad faith. The course of the water flow along 9th Avenue was from east to west. From 10th Street to 9th Street, there was a fall of six feet. From 9th Street to 8th Street, the fall was only six inches. From 8th Street to 7th Street, the fall was four and a half feet. The result of such an irregular inclination of the surface was that, in times of heavy rain, the water was carried so rapidly from 10th Street down to 9th Street that it accumulated upon the comparatively level ground between 9th Street and 8th Street. The purpose of the city council and its engineer, therefore, was to increase the incline between 9th Street and 8th Street by a corresponding decrease of the incline between 8th Street and 7th Street. It was thought that, by so doing, the construction of expensive storm sewers at such place would be rendered unnecessary.

Because of such departure from the established grade and because of the alleged injury wrought thereby upon the plaintiff's property, she challenges the right of the city council to assess her property for such paving at all.

The power of assessment is conferred upon the council by Section 792 of the Code, which is as follows:

"Section 792. Cities shall have power to improve any street, highway, avenue or alley by grading, parking, curbing, paving, graveling, macadamizing and guttering the same or any part thereof, and to provide for the making and reconstruction of such street improvements, and to assess the costs on abutting property as provided in this chapter; but the construction of permanent parking, curbing, paving, graveling, macadamizing or guttering shall not be done until after the bed therefor shall have been graded, so that such improvement, when fully completed, will bring the street, highway, avenue or alley up to the established grade: *provided* that only so much of the cost of the removal of the earth and other material as lies between the sub-grade and the established grade shall be assessed to abutting property."

It will be noted that this requires that the paving be laid at the established grade. There was, of course, power in the city council to change the established grade. This, however, could only be done legally in accordance with the provisions of Section 785 of the Code, which is as follows:

"Sec. 785. When any city or town shall have established the grade of any street or alley, and any person shall have made improvements on the same, or lots abutting thereon, according to the established grade thereof, and such grade shall thereafter be altered in such a manner as to damage, injure or diminish the value of such property so improved, said city or town shall pay to the owner of such property the amount of such damage or injury."

We have frequently held that the change of grade here provided for must be done by ordinance. Other sections of

the statute provide for an assessment of damages, if any, to
the abutting owner. It is the contention of
appellant that the action of the city council
in laying the pavement from 1 to 2 feet below
the level of the established grade was wholly
illegal, and that it operated to her substantial
injury; that the grade as formerly established still remains
in force and is binding upon the plaintiff; that she cannot
safely conform, if she would, to the lower level; that the pave-
ment, therefore, cannot be deemed a permanent improvement,
because of such departure from the established grade, and that,
therefore, the cost thereof cannot be assessed against the
plaintiff's property.

*1. MUNICIPAL COR-
PORATIONS:
streets, etc.:
paving: disre-
garding estab-
lished grade:
effect.*

It was formerly held by this court that a substantial
departure from the established grade in the execution of a
paving contract would defeat the jurisdiction of the city coun-
cil to assess the cost of such pavement against the abutting
owner. *Scofield v. City of Council Bluffs*, 68 Iowa 695; *Mc-
Manus v. Hornaday*, 99 Iowa 507; *Hubbell v. Bennett*, 130
Iowa 66. In the cited cases, injunction proceedings were suc-
cessfully maintained for the setting aside of the assessments.
In our later cases, however, we have receded from such position
and have overruled the cited cases. *Shaver v. Turner Imp.
Co.*, 155 Iowa 492; *Hubbell v. City of Des Moines*, 168 Iowa
418. In the last cited case, we said:

"The entire matter relates, not to the power of the city
council in making the improvement, but to the exercise of that
power—the manner of accomplishing that which the legislature
had authorized that body to do, and therefore not jurisdic-
tional. . . . 'In the case of a mere departure from the
plans and specifications, not substantially changing the nature
of the improvement, the council does not lose jurisdiction to
make assessment for the improvement as constructed, but may,
on objections, grant the property owner such relief as he should
have, and that on appeal the district court may review the

action of the council and grant the relief which should have been granted by it.' "

The effect of our later holdings is to say that the failure to lay the improvement upon the established grade will not defeat the jurisdiction of the city council over the subject matter; that injunction will not lie to set aside the assessment; that the statutory remedy provided by Section 839 of the Code must be followed; that the question whether there was a substantial departure from the established grade may be presented in pursuance of such remedy and must be considered in the first instance by the city council and, on appeal, by the court; that slight variance, resulting in no prejudice to the property owner will not be deemed material. Where, however, substantial departure from the established grade, resulting in substantial prejudice to the property owner, is shown, it cannot be ignored as immaterial. Such has been our holding in previous cases. *Scofield v. City of Council Bluffs,* 68 Iowa 695; *McManus v. Hornaday,* 99 Iowa 507; *Allen v. City of Davenport,* 107 Iowa 90.

If the city council, when it discovered the desirability of a change of grade, had adopted an ordinance establishing such change, it would have disposed of the whole question. Such action on its part would have opened to the

2. MUNICIPAL COR-PORATIONS: streets, etc.: change of grades: ordinance.

plaintiff her statutory remedy for damages, as provided by Section 785 of the Code *et seq.* It would also have protected her against any possible action of a future council in recognizing the former grade as the only legally established one. The council failed to do this, but acted informally, through oral consultations and instructions. If the exigencies of the situation were such that they could not well await this formal action, then the formal action should have followed later, and before attempting to subject plaintiff's property to an assessment for improvements that lacked regularity and strict legal foundation. The *Allen* case, supra, indicates the view that

such subsequent action of the council could have been had and would have been effective to give validity to its previous proceedings. As it is, the plaintiff has been cut off from her statutory remedy for damages resulting from the practical change of grade. She has further been deprived of the protection of a proper ordinance changing the established grade to such lower level, so that she might safely conform herself thereto free from the danger of repudiation of such unauthorized change by some future council. As far as her damages for the change of grade are concerned, it may be that she is entitled to maintain an independent action for damages for the physical change made, under the authority of *Richardson v. City of Webster City*, 111 Iowa 427. But she was entitled to her statutory remedy as a substantial right. The very purpose of it was to avoid the necessity of resort to action for damages. If she were to bring an independent action for damages, it might possibly be met with an abandonment of the illegal grade and a return to the old legally established one. In any event, she is under menace whichever way she turns.

Again, the physical change upon the ground is an accomplished fact, but the legally established grade under the ordinances remains as it was. If she now acquiesces and adapts herself to the accomplished fact, she must likewise ignore the legally established grade. If a future council should see fit to restore the street to such legally established grade, the plaintiff would be entirely outside the pale of statutory protection. A court of equity might find a way to protect her, but she would be without any adequate remedy at law. It may be conceded that such a situation is not likely to arise, but it is by no means impossible. Nor is there any fair reason suggested why the city council should not have adopted a formal ordinance changing the grade to the level actually adopted in the improvement.

Upon the record before us, the case presented is not one where the established grade was approximately followed, or where the variance was not prejudicial to any substantial right

of the property owner. The plaintiff presents a case of substantial equity which cannot be ignored without ignoring also the substantial provisions of the statute. To put it briefly, it was incumbent upon the city council to enact an ordinance changing the established grade to the lower level actually adopted in the improvement, before it could lawfully assess the plaintiff's property for such improvement. Whether it can hereafter enact such an ordinance and thereby become empowered to re-assess the plaintiff's property is a question which we will not anticipate. It is not now involved before us, and argument, therefore, has not been directed thereto. All that we hold now is that, in the absence of an ordinance changing the legally established grade so as to establish the same at the level actually adopted in the improvement, the council was not justified, under the provisions of Section 792, in assessing the plaintiff's property for the improvement. The order entered below must, therefore, be reversed.—*Reversed.*

LADD, GAYNOR and SALINGER, JJ., concur.