INHABITANTS OF CAMDEN *vs.* CAMDEN VILLAGE CORPORATION.

Knox. Opinion December 1, 1885.

*Taxation.*

Buildings and other property owned by municipal corporations and appropriated to public uses, are but the means and instrumentalities used for municipal and governmental purposes, and are, therefore, exempt from general taxation, not by express statutory prohibition but by necessary implication.

A village corporation was authorized by its charter to raise money to defray the expenses of a night watch, police force, fire department, etc. and also to erect a hall. The building thus erected contained a public hall, police court

room, assessors' office, lock-up, etc. and, when not in use for meetings and for purposes of the corporation, the hall and other rooms were let for hire, and the money received therefrom was used towards paying the expenses of the corporation. *Held*, That the building and lot were not liable to taxation by the town in which they were situated.

ON REPORT upon agreed statement of facts.

The opinion states the case and material facts.

*A. P. Gould*, for the plaintiffs.

Revised Statutes, c. 6, § 2, expressly declares that "all real property within the state is subject to taxation, as hereinafter provided." Section 6, declares what the exceptions shall be, specifically naming them. The real estate of subordinate municipal corporations is not excepted. In this case the rule, *expressio unius exclusio alterius*, applies. Nothing is left to construction. The legislature has declared what exceptions shall be made by the assessors; and they cannot be enlarged.

Counsel contended that the building and lot of the defendant corporation, upon which the tax was assessed, could be levied upon to satisfy a judgment in favor of a creditor of the corporation, and cited: Dillon Mun. Corp. § 446; *Meriwether* v. *Garrett*, 102 U. S. 472.

Numerous authorities sustain the position that property held by municipal corporations, which is used for profit, and which was not wholly constructed for municipal purposes, is taxable. If part of a building is constructed and used for municipal purposes, and another part is constructed with special reference to other uses, and is let for profit, such other part is taxable. And the land on which the building stands is taxable.

In *Young Men's Christian Ass'n* v. *Donohugh*, 13 Phila. 12, it was held, "that the part of a building belonging to a public charitable association, which is used for the association, is exempt from taxation; otherwise as to that part leased to others, though the rent is applied in charity." In *State* v. *Assessors*, 34 La. Ann. 574, it was held, that property belonging to charitable institutions which was leased or used for income, was not exempt from taxation. Under N. Y. Laws of 1846, c. 330, exempting from taxation the real and personal estate of the

Brooklyn Benevolent Society, it was held "that lots of its land leased to parties who were to erect buildings thereon, with privilege of perpetual renewal, were not exempt." *People* v. *Brooklyn Assessors*, 27 Hun. (N. Y.) 559.

Under Iowa Code, § 797, exempting from taxation the "buildings of literary and religious institutions and societies devoted solely to the appropriate objects of these institutions," it was held that "a building owned by a benevolent society and leased for pecuniary profit, is taxable." *Fort Des Moines Lodge*, v. *Polk Co.* 56 Iowa, 34. Counsel further cited on this point: *Chadwick* v. *Maginnes*, 94 Pa. St. 117; *Cleveland Library Ass'n* v. *Pelton*, 36 Ohio St. 253.

In *New Orleans* v. *St. Anna's Asylum*, 31 La. Ann. 292, it was held that "the fact that the rents and revenues of property owned by a charitable corporation are devoted to the charitable purposes for which the corporation was organized, will not exempt such property from taxation. The property is exempt only when itself actually and directly so used." Counsel further cited: *Baltimore* v. *Grand Lodge*, 60 Md. 280; *Oliver* v. *Worcester*, 102 Mass. 489; *Bailey* v. *New York*, 3 Hill, 531; *Eastman* v. *Meredith*, 36 N. H. 295.

It is nowhere held that one municipality cannot tax the property of another muncipality located within its boundaries and jurisdiction. No one would doubt the power of a town to tax the property of another town situated within its boundaries — such as a farm, store, house of entertainment or amusement— although the town which owned the property would be compelled to assess its inhabitants to pay the tax. We can see no distincton between the power of a town over property of another municipality which exists outside of its territory, and its power over a municipality existing within it. In each case, the property taxed exists for the benefit of the corporation which owns it, and not for the benefit of the town which taxes it. The only reason given in the reported cases for the non-taxability, by a municipal corporation, of its own property, is, that it would be obliged to assess a tax upon its inhabitants to pay the tax upon its property ; so that taxation would be useless.

*T. R. Simonton*, for the defendant, cited: 2 Kent Com. (6th ed.) 275; 2 Dillon, Mun. Corp. 615, 715, 717; Burrows, Taxation, 505; *Osborne* v. *Bank of U. S.* 9 Wheaton, 738; 1 Kent Com. 426, 427, 428; *Meriwether* v. *Garrett*, 102 U. S. 511.

FOSTER, J.    The defendant corporation, by special authority from the legislature, together with other powers and privileges particularly enumerated in the act of incorporation, was authorized to build a village hall at a cost of not more than eight thousand dollars.    Thereafter a lot was purchased and a building erected thereon by the defendants, known as "Megunticook Hall."   This building is sixty feet long, fifty feet wide, and two stories high.   The upper portion is finished into a hall with galleries, platform and two small ante-rooms.   The lower story contains a hall somewhat smaller than the one above, a lock-up, assessors' room, cook and furnace room.   The upper hall is used for the annual and other meetings of the corporation,— the lower one for a police court room; and when not in use by the corporation, both halls are let, as occasion requires, for lectures and other public entertainments, with an income of from three to five hundred dollars a year which is appropriated in defraying the annual expenses of the corporation.

The plaintiff town in which the defendant corporation is situated, claiming that this property is subject to taxation under the general statutes, like other real estate, has assessed a tax thereon, and this action is brought to recover the same.

The plaintiffs' claim is that this corporation is limited in its extent of territory, is partly private and partly public, in which the inhabitants of much the largest portion of the town have no pecuniary interest, and that this building, being adapted to and used in part for other than corporate purposes, is owned by the defendants in their social or commercial capacity and for pecuniary profit, and is therefore neither expressly nor impliedly exempt from taxation.

As against this proposition the defence set up is, that the corporation is of a public nature, and that the property upon which this tax is sought to be imposed is held by the defendants,

for public uses, necessarily incident to the objects of the corporation, and as such exempt from taxation.

For a correct determination of this question it becomes necessary to consider the nature and character of such corporations, the objects they are intended to accomplish, and their connection with the government of the state. It is laid down by the authorities that such corporations are public, and while they "are allowed to assume to themselves some of the duties of the state in a partial or detailed form, but having neither property nor power for personal aggrandizement, they can be considered in no other light than as auxiliaries of the government." *United States* v. *Railroad Company*, 17 Wall. 328.

Being intended as agencies in the administration of civil government, they are regarded as public, and partaking the nature of municipal corporations in their incidents. Being purely creatures of legislative enactment, they owe their creation to the particular statute which gives them their existence; this statute, together with the general provisions of law applicable to them, confers upon them the powers they possess, and, like other municipal corporations, imposes upon them certain public duties which they owe to the state in the administration of its local government. Likewise towns are public corporations created for similar public purposes in the due administration of the government of the state. As incident to their existence and the objects of their creation they are allowed to purchase or build town-houses, school-houses, poor-houses and police stations, these being among the "recognized functions of government," and as such exempted by implication from the general provisions of the statute in relation to taxation, as property appropriated to public uses. *Worcester* v. *Western Railroad*, 4 Met. 567; *Wayland* v. *County Commissioners*, 4 Gray, 501; *Worcester County* v. *Worcester*, 116 Mass. 193; *Portland* v. *Water Company*, 67 Maine, 137; *Boston and Maine Railroad* v. *Cambridge*, 8 Cush. 239.

This doctrine is thus laid down by a learned writer and jurist (Dillon, Municip. Corp. § 614). "The general statutes of the state upon the subject of taxing property undoubtedly refer to

private property, and not to that owned by the state; and in view of the public nature of municipalities, and the purposes for which they are established, heretofore explained, the author is of opinion that such enactments do not by implication, extend to any property owned by them'—certainly to none owned by them for public uses." In accordance with these views the Court of Appeals in Kentucky, in the case of *Louisville* v. *Commonwealth*, 1 Duvall, 294, held that whatever property was used and held by the city for carrying on its municipal government, or was necessary or useful for that purpose, was not taxable by the state, and this would include public buildings, prisons and property dedicated to charity.

The courts of other states furnish ample authority in support of exempting, by implication, from taxation, property of the character above named. *People* v. *Doe*, 36 Cal. 222, was a case where a writ of assistance was asked by the plaintiff to put him in possession of land which he claimed to have acquired by tax title, being a portion of the city cemetery in the city of Sacramento. The court denied the writ as to that on the ground that the land was public property and therefore not taxable. SANDERSON, J., said: "The constitution and laws upon the subject of taxing property are, therefore, to be understood as referring to private property and persons, and not including public property and the state, or any subordinate part of the state government, such as counties, towns, and municipal corporations."

Speaking of the South Park Commissioners as a corporation, and of the park property, BREESE, C. J., in *People* v. *Salomon*, 51 Ill. 52, says: "But holding it, they hold it as a public corporation for public purposes, and was it ever heard, that the property, real or personal of a public municipal corporation, was subject to taxation?" And Pennsylvania maintains the same doctrine.

"No exemption law is needed for any public property, held as such." *Directors of Poor* v. *School Directors*, 42 Penn. St. 25.

To entitle it to exemption, however, it must be public in its nature. There is a distinction between property held and owned

for profit by a municipal corporation like a private individual, charged with no public trust or use, which is private in its nature, and that which it holds in general or special trust for purposes germane to the objects of the corporation. In the former case it is the legitimate subject of taxation, and no reason exists why it should be exempt from the general rule; while in the latter case, such property, forming a part of the means and instrumentalities of the corporation called into use in the administration of government, is held to be exempt upon principle as well as upon authority. Taxation is a sovereign right, essential to the existence of government, and as a rule attaching upon all property within the jurisdiction of the state. But in our system of government, both state and national, there are limitations as well as exceptions to the rule. The federal government can not tax the the public means and instrumentalities of the state, nor the state the public means and instrumentalities of the national government, so as to interfere or impair their efficiency in performing the functions by which they are designed to serve that government. *Nat. Bank* v. *Commonwealth*, 9 Wall. 362; *Thomson* v. *Pacific Railroad, id.* 591; Burroughs Tax, 505. There is no express constitutional prohibition upon the state against taxing the means and instrumentalities of the general government, but it is held to be prohibited by necessary implication. *Collector* v. *Day*, 11 Wall. 123. Court-houses, jails, town-houses, school-houses, poor-houses and other buildings appropriated to public uses, owned by municipal corporations and incident to such corporations, are but the means and instrumentalities used for municipal and governmental purposes, and are therefore exempt from general taxation, not by express statutory prohibition, but, as we have seen, by necessary implication. Hence, it has been held, upon principles quite analogous, that public property is by implication exempted from lien statutes as much as from general tax laws, and for the same reasons. *Foster* v. *Fowler*, 60 Penn. St. 27; *Frank* v. *Freeholders*, 39 N. J. L. 347; *Board of Education* v. *Neidenberger*, 78 Ill. 58; *Bouton* v. *McDonough Co.* 84 Ill. 384; *Loring* v. *Small*, 50 Iowa, 271. The consequences of either process might result

in a sale of the property for the purposes of enforcing the claim, thereby destroying its public character. In *Frank* v. *Freeholders, supra*, the court say that "when the buildings are those of a municipal corporation, a fundamental rule of public policy compels the courts to arrest the proceedings before the buildings are touched." It is said that "the power to tax involves the power to destroy, and the power to destroy might defeat and render useless the power to create." 1 Kent. Com. *426.

Consequently, if this implied exemption exists as between the state and the public buildings, or property of the town or city, created by its own legislature, *a fortiori*, the town can not tax the public means and instrumentalities of a village corporation, an auxiliary of the state, deriving its existence from the same legislative source.

The charter of the defendant corporation, when examined, will be found to contain many of those incidents of a public character usually pertaining to other municipal corporations; among which this corporation is authorized and vested with power to raise money to defray the expenses of a night watch, a police force, a fire department, and all other necessary measures for the better security of life and property, and for the promotion of good order and quiet within its limits. Thus the powers with which it is invested, and the objects for which it was created, are similar in many respects, to those which belong to towns, cities, and other municipal corporations. In addition to the powers and privileges above enumerated, bestowed upon this corporation, express authority is given by the sovereign power of the state to erect this hall. And from a careful examination of the facts in the case, and in view of the public nature of this corporation, and the purposes for which it was created, we are led to no other conclusion than that this building, authorized by legislative sanction, is owned by the corporation for public uses, rather than in its "social or commercial capacity." The letting of those parts of the building which are not in actual use by the corporation, are incidental and subsidiary to the objects for which it was created, and do not take away its character as a

public building, or render it liable to taxation by the town, as it would be were this a private corporation, and its building erected for private purposes. Many city and town halls in this state are so constructed that when not in use for strictly municipal purposes, they may be let for any proper use. Such fitting up and letting for hire, are the incidents, and not the primary objects of such public buildings.

The authorities to which our attention has been called by the learned counsel for the plaintiffs, upon examination, will be found to apply to property owned, not by public municipal corporations and appropriated to public uses, but by private corporations or associations, and where express statutory exemption was claimed. In such cases of express exemption, statutes are to be construed with strictness, and the exemption should be denied unless so clearly granted as to be free from doubt. `Dillon Mun. Corp. § 616.

In accordance with the stipulation in the report of the case, the entry should be,

*Plaintiffs nonsuit.*

PETERS, C. J., WALTON, DANFORTH, LIBBEY and EMERY, JJ., concurred.