E. H. LOCKER et al., Appellants, v. JOHN KEILER et al.

**School Districts:** ROAD TAX: *Contingent fund.* The secretary of a school district may properly designate in the record, and in his certificate to the board of supervisors, the tax voted by the directors for road purposes as one for the contingent fund.

PETITION FOR HIGHWAY: *Who may present.* Under the school law (Code 1873, section 1717, as amended by laws 1882), empowering the electors at a meeting to authorize board of directors to obtain a highway necessary for access to the school house, petition to the board of supervisors for the road may be made by the electors, as individuals, in the interest of the district, and by reason of the power given the directors by the electors.

APPLICATION OF TAX. Money raised by tax for the expense of obtaining a road for a school district may be so applied, though pending an injunction suit to prevent such use, electors of the district 4 raised money by their individual note for such expense, at the desire of the district, and with the understanding that the money from the tax would be applied to the note if the injunction was dissolved.

**Equity Jurisdiction:** CORRECTION OF RECORD: *School meeting.* A court of equity may hear parol proof that the electors of a school district, as empowered by the school law (Code 1873, section 1717, 1 as amended by laws 1882), at a meeting authorized the levy of a tax, and the application of the money to obtaining a road, and correct the record of the meeting to show this; such correction not being a contradiction of the record, but in harmony with, and necessary to make intelligible, what appears therein.

*Appeal from Greene District Court.*—HON. Z. A. CHURCH, Judge.

THURSDAY, OCTOBER 19, 1899.

PLAINTIFFS, four in number, taxpayers in the independent school district No. 2, Hardin township, Greene county, Iowa, brought this action in equity to enjoin the defendant, directors, secretary, and treasurer of said district, from issuing certain bonds and paying out certain money. Decree was rendered making the temporary injunction perpetual against the issuing of the bonds, and dissolving it as to paying out said money. From this latter part of said decree the plaintiffs appeal.—*Affirmed.*

*J. A. Gallaher* for appellants.

*Russell & Toliver* and *E. B. Wilson* for appellees.

GIVEN, J.—I. No appeal having been taken from, and no complaint being made against, that part of the decree enjoining the defendants from issuing the bonds mentioned, we are not called upon to consider that branch of the case, except as it is incident to the other questions involved. The issue to be determined is whether the defendants should be enjoined from paying out the money specified for the pur-

pose named. The issues to be considered will appear from
the following statement of facts as we have found them to
be: Said district is composed of four sections, namely, sec-
tions 3, 4, 9, and 10, and the school house is located near
the center of said sections, on an east and west highway
along the line between sections 3 and 4 on the north and
9 and 10 on the south, and near the junction of a north and
south road between sections 3 and 4. The record of said
district shows that at the annual meeting of the electors in
March, 1895, "it was moved and carried that a road be
opened for a road between sections 9 and 10, a mile south
from the school house and eight rods east between sections
10 and 15. Mr. Thomas Calvert was appointed to look
after the road business, and report next Monday." The
record of the board of directors shows that at a meeting
March 18, 1895, "the board agreed to levy two hundred and
twenty-five dollars for the teachers' fund, two hundred and
fifty dollars for the contingent fund." On March 25, 1895,
the secretary of the district certified to the board of super-
visors that at said meeting of the electors a tax of one hun-
dred and forty dollars was voted "on account of school-house
fund." He also certified that at said meeting of the board the
board estimated the amount required for the contingent fund
to be the sum of two hundred and fifty dollars, and the
amount required for teachers' fund to be the sum of two
hundred and twenty-five dollars. Said two hundred and
fifty dollars was placed upon the tax books, collected, and
paid over to the treasurer of the district, and is now in his
hands. On May 18, 1895, said Thomas Calvert and sixteen
others, citizens of the county, petitioned the board of super-
visors for the establishment of a new road south from the
school house on the line between sections 9 and 10 to the
south line thereof, thence eighty rods east along the south
line of section 10 to connect with a highway running east
along said section 10. Such proceedings were had on this
petition as that on April 8, 1896, said highway was ordered

established on condition that the costs and damage be paid within forty days. On the twenty-fourth of April, 1896, a special election was held, and the directors authorized, by a vote of the electors present, to issue bonds to pay said costs and damages; but, as we have seen, they are perpetually enjoined from doing so, and no complaint is made of this. On April 29, 1896, this action was commenced, and a temporary injunction granted, restraining the defendants from issuing said bonds and from paying said two hundred and fifty dollars on account of the establishment of said highway. There were about twenty-two electors in the district, and eighteen of them, including the defendants, to prevent a failure to secure said highway because of nonpayment of the costs and damages, joined as individuals in a promissory note, upon which money was borrowed, and applied in payment of said costs and damages. This was done under an agreement with said boards of directors that, if the injunction against paying said two hundred and fifty dollars on account of the road was removed, said money would be applied to the payment of said note. It will be observed that in the record of said meeting of the electors nothing is said about a tax of two hundred and fifty dollars having been voted. The record of the board of directors shows that at a meeting in September, 1896, a motion was made and carried that the record be amended to show that at the general meeting held March 11, 1895, it was moved, seconded, and carried by a majority of the electors that, a tax of two hundred and fifty dollars be voted, and that the electors give the board power to levy a tax to the full limit of the law to procure said road to the school house.

II. Section 1717 of the school law, as amended by the Laws of 1882, provided that an annual meeting be held on the second Monday of March each year, and that. "the electors of the district when legally assembled at such meeting shall have the following powers: * * * To authorize the board of directors to obtain at the expense of the

district township such highway as such board may deem
necessary for access to the schoolhouse in the district." We
are in no doubt that at the March meeting in 1895 the
electors did, by a large majority, vote to authorize the board
of directors to obtain the establishment of said road at the
expense of the district, and to levy a tax of two hundred
and fifty dollars, or such sum as was necessary, not exceed-
ing the limit fixed by law, to pay for the securing of said
road; and that the secretary, through carelessness or incom-
petency, omitted to make proper entry of that fact in the
record of the meeting. Appellants contend that neither the
board of directors nor the secretary had any power to correct
said record, and that, as originally made, it did not authorize
the board to obtain the establishment of said road at the
expense of the district, nor to levy a tax for that purpose,
and therefore the board has no right to pay out said money
on account of said road. It may be conceded that, as origi-
nally made, the record did not authorize the levy of said
tax, nor the application of said money to obtaining the road;
but, had it fully and correctly expressed the action of the
electors, it certainly would have so authorized. It
may also be conceded that the directors had no power
to correct the record, but surely there is power some-
where to make that record express omitted facts. If it is not
in the secretary, it certainly is in a court of equity. It will
be noticed that the correction is not in contradiction of any-
thing appearing in the record, but the addition of the omitted
fact is in harmony with what does appear and is necessary
to make it intelligible. Surely, a court of equity has power
to prevent the will of the electors, legally expressed, from
being defeated because of the incompetency or neglect of the
secretary. If the court may do this, it may hear parol proofs
as to what the facts were, and give effect to them. In *Mor-
gan v. Weifley,* 71 Iowa, 213, the record showed that a
motion was adopted, but failed to show what it was, and it

was held that parol evidence to show what the motion was was competent. We have no statute providing that such a record shall be the only evidence of the action of the electors at their annual meeting. It is argued that the directors did not vote a tax for road purposes at their meeting March 18, 1895. True, the secretary did not so designate it, but called it "$250 for a contingent fund," both in the record and in his certificate to the board of supervisors. This he might properly do, as it was not teachers' fund ,nor school-house fund, but properly a contingent fund. See *Independent Dist. v. Kelley,* 55 Iowa, 568.

III. Appellants insist that the road was not established at the instance of the district, and that, therefore, this money cannot be applied to that purpose. It is true that, although the officers of the district joined in the petition for the road, they did so in their individual capacity; but it is evident that the road was desired mainly, if not entirely, for the purpose of affording access to the schoolhouse, and that nearly all of the electors desired it at the expense of the district. There is no doubt that the proceedings to establish the road were in the interests of the district, and because of the authority given to the board by the electors. Whether the district, as such, might have petitioned for the road, we need not determine, as we have no doubt of the right of its electors to do so as individuals in the interest of the district. It is insisted that, as these defendants joined in the promissory note for the borrowed money with which the costs and expenses of securing the road were paid, they are estopped from denying their promise as contained in the note, and that the transaction was in violation of the injunction forbidding them from paying the tax that had been collected towards securing the road. They are not denying their liability to the payee of the note, but, as it was given in furtherance of the interests and desire of the district, and with the understanding that the fund in

dispute would be applied to its payment if the injunction was dissolved, they ask that it shall be so applied. The money was thus raised and paid not to circumvent the injunction, but to avoid a failure in obtaining the road, and the delay and cost of another application for the road. The money—the object of the injunction—was and still is held as it was required to be, and the question now is whether it may be applied, as was authorized by the electors, to paying the expense of obtaining that road. This is not, as counsel seem to regard it, a question whether a tax may now be levied to pay for the road, or to reimburse the makers of the note. Authority to levy a tax to pay for the road was given; the tax was levied and collected, and is now in the hands of the treasurer of the district; and we are of the opinion that it should be applied to the purpose for which it was authorized. We think the decree of the district court is correct, and it is therefore AFFIRMED.