EDWARDS & WALSH CONSTRUCTION COMPANY, Appellant, v. JASPER COUNTY AND CITY OF NEWTON, JASPER COUNTY, Appellee.

Contracts: ESTOPPEL TO OBJECT TO ENFORCEMENT. Where a county owning city property and the city do not not object to a paving contract as invalid in containing a provision requiring the contractor to employ laborers residng in the city, and they receive the benefit of the work, they will not be heard to raise such objection in an action by the contractor to enforce a paving certificate against the county.

Assessment on Abutting Property: *Sufficiency.* A record of a resolution of a city council, levying a special assessment, and specifically adopting a plat by the city engineer of the property affected by the improvement, and directing that a special assessment be levied in accordance therewith, is sufficient to show an assessment against an abutting property owner, as shown by the plat, though the name of such owner is omitted in the record of the resolution from the names of the parties assessed.

*Same.* Evidence in an action on a special assessment tax certificate, showing an assessment against a property owner, is sufficient to sustain the action, though the recorded resolution of the city council levying such assessment does not show an assessment against the property owner.

EXEMPTION FROM. The act of a city in encroaching on grounds dedicated to a county as a public square by using a strip on each side thereof as a portion of the streets, and in afterwards obtaining a decree restraining the county from interferring with such possession, does not operate to prevent the county from being an abutting owner, and therefore does not relieve it from an assessment against abutting owners for street improvements.

*County Property.* McClain's Code, section 1271, provides that property of the county, devoted entirely to the public use, and not held for pecuniary profit, shall be exempt from taxation. Section 1274 provides that all property except that exempted shall be subject to taxation. Section 630 authorizes cities to pave and otherwise improve streets and levy special assessments therefor on abutting property. *Held*, that city property owned and used for public purposes by a county was not exempt from special assessments for street improvements.

*Costs—Penalty and interest.* · The plaintiff in an action against a county on a special tax certificate for a special assessment against its property, which it has refused to pay, is only entitled to cost and six per cent. interest, as provided in acts 21st General Assembly, chapter 168, section 12, and not to ten per cent. interest and five per cent. penalty, provided in Code 1873, section 479.

**Dedication to County:** SUFFICIENCY. Where a plat of land for a town was made under the direction of the county commissioners, and they afterwards obtained a government patent for land, and the plat showed a tract marked as a public square, which tract was intended to be dedicted to the county, and which was afterwards used by it, there was a sufficient dedication thereof to the county.

DEDICATORY INTENT: *Parol admissible.* Where an instrument, claimed to be the dedication of land to a county does not specifically show an intent to make such dedication, such intent may be shown by parol evidence.

*Appeal from Jasper District Court.*—Hon. A. R. Dewey, Judge.

SATURDAY, MAY 31, 1902.

ACTION based on special assessments for the cost of paving laid in the streets of the city of Newton around the court house square in said city. The defendant county answered, asserting, among other things, that the square was exempt from assessment. The city contended that, as plaintiff accepted assessment certificates in full satisfaction of its claim, there was no liability on its part. Other issues were tendered, which, so far as material, will be noticed in the body of the opinion. The trial court dismissed the petition, and plaintiff appeals.—*Reversed.*

*E. J. Salmon* and *N. T. Guernsey* for appellant.

*Henry Silwold*, County Attorney, *Wm. Conner, W. O. McElroy, A. F. Brown,* and *J. Edward Mershon* for appellees.

Deemer, J.—In May, 1846, commissioners appointed for that purpose located the seat of justice in Jasper county, and named it Newton. A survey and plat of the town was made by the county surveyor under the directions of the county commissoners. This plat showed what was called "a public square" near the center of the town.

It also appears that these commissioners obtained a patent for the land on which the town was situated June 1, 1848. This patent conveyed the land to said commissioners, as such, and to their successors in office forever. In 1849 a small court house and a jail were erected upon the public square, and it has been used for county purposes and as the seat of justice for said county ever since. The evidence shows that the commissioners intended the square to be used by the county as a place for its public buildings; that the county took charge of and improved it, sunk wells, graded and cared for it down to the time this controversy arose. Although the original dedication was somewhat ambiguous, there is no doubt in our minds that the dedicators intended to dedicate the square to the county, and that the county accepted the dedication. The parties in interest placed this construction upon the grant, and there is nothing in the language of the dedication which negatives this idea. The intent of the parties is controlling, and, where such intent is not specifically shown by the language of the grant, it may be established by parol. *Agne v. Slitsinger*, 96 Iowa, 181, and cases cited; *Young v. Mahaska County*, 88 Iowa, 681. In June of the year 1897 the city of Newton, in which the public square is located, by proper resolution determined to pave certain streets within the city, including these on the four sides of the square. By the terms of the contract let pursuant to this resolution the contractors were to accept special assessment certificates against abutting property in compensation for their labor. The paving was done according to the

terms of the contract, and duly inspected and accepted by a foreman employed by the city. This action of the foreman was approved by the city council. Thereafter the city engineer filed a plat and schedule of the taxes to be assessed against the property fronting on the improvement. This plat designated the frontage in feet, and the amount proposed to be assessed on all property benefited thereby, including the square in question. This plat was approved by the city council, and an ordinance was passed making assessments accordingly. Jasper county was not mentioned in terms in the ordinance as recorded, but notice was given to it of the assessment, directing it to make objections, if any it had, to the proposed assessment, at a time fixed in the notice. The county appeared in response to this notice, and filed objections to the proposed assessment, based on some of the grounds urged on this appeal.

While there is no record showing an assessment against the county, it affirmatively appears that the original resolution or ordinance in fact passed by the council included all assessments as recommended by the city engineer, and that the protest filed by the county was disregarded. In recording the resolution or ordinance, the assessment in terms against the county was omitted by mistake or carelessness on the part of the city clerk. An assessment certificate against the public square was thereupon issued to the plaintiff, and this action is upon that certificate, and for judgment against the city in the event the assessment certificate is for any reason found invalid. In addition to the point already considered, there are other minor questions to be disposed of before going to the real merits of the controversy. The defendant county contends that there was never a valid assessment against its property, and that plaintiff cannot recover. It must be conceded that the record, as made up, does not in express terms show an assessment. The plat made by the city engineer referred to in the resolution was specifically

adopted, and assessments were levied in accord therewith. There is also a showing that when the resolution was adopted the county was specifically named as one of the parties against whom the assessment was levied, and the amount thereof was stated. This original resolution is lost, but there is no doubt as to its contents. We are constrained to hold that the resolution as recorded of itself furnished sufficient evidence of an assessment under the authority of *Dittoe v. City of Davenport*, 74 Iowa, 66. But, if this be not true, the evidence clearly shows an assessment in fact, and this is sufficient to support the action. *Locker v. Keiler*, 110 Iowa, 707; *Morgan v. Wilfley*, 71 Iowa, 212; *Prouty v. Tallman*, 65 Iowa, 354; *Hutchinson v. Board,* 66 Iowa, 35. There was a provision in the paving contract to the effect that all the laborers employed by plaintiff, except overseers and skilled men, should be citizens of the city of Newton. This provision is relied upon to invalidate the contract under the rule announced in *Rodgers ex rel, People v. Coler*, 166 N. Y. 1 (59 N. E. Rep. 716). That case is really an authority against the defendant county. There, as here, the work was completed, and the city as well as the property owners had received the benefit thereof. There is no claim that any damage resulted either to the city or to the property owners by reason of increased cost in the doing of the work or otherwise. Having had the benefits of the work, it does not lie in the mouth of the county or the city to say that it will not pay therefor on account of this provision of the contract. The other cases cited by the county on this proposition are not in point.

Some time after the county commenced to use the square the fences inclosing the same were set back some 12 feet from the street lines as shown by the recorded plat. For more than 20 years the city used these 12-foot strips as a part of the streets, and as a place for hitching and standing

ing teams. In 1897 the city brought action against the county enjoining it from asserting title to these strips, claiming that they had been dedicated to the public as streets, or as parts of the streets around the block, and that the city had accepted the dedication. A decree was passed in that case finding for the city. It is now contended that by reason of the presence of these strips the county was not an abutting property owner. There is no merit in this claim. These strips became parts of the public streets, and were paved as such up to the lines of the block as they existed after these 12-foot strips were taken off. There can be no doubt that these strips became parts of the streets. The city claimed title to them as such, and the decree in the action against the county established the city's claim. Surely the city did not acquire the title either by prescription or otherwise, except for street purposes, and the defendant county's property abuts upon these enlarged streets.

We have now disposed of the minor contentions in the case against the county, and come to the more difficult and controlling questions in the case. To state them in the language found in appellee's brief, they are as follows: "First. Was the court house site subject to special assessments? Second. Did Jasper county hold the legal title to the public square?" The first of these questions has given rise to much contrariety of opinion in the decisions of the courts, and is by no means easy of solution. It is also rendered more than ordinarily perplexing by reason of at least two prior decisions of this court, to which we shall hereinafter refer. The statutes of the state, so far as applicable, read as follows: "The following classes of property are not to be taxed, and they may be omitted from the assessment herein required: (1) The property of the United States, and of this state, * * * the property of a county, * * * when devoted entirely the public use and not held for pecuniary profit." Section

1271, McClain's Code.  Section 1274, which is the section following the exemption statute, commences, "All other property, real and personal, is subject to taxation in the manner directed."  Section 1271 exempts from taxation the property of cities as well as counties.  The law, however, charges counties with the obligation to maintain county roads, and imposes a like obligation upon cities. McClain's Code, section 630, is as follows:  "They [cities] shall have power to construct sidewalks, to curb, pave, gravel, macadamize and gutter any highway or alley therein, and to levy a special tax on the lots and parcels of land fronting on such highway or alley to pay the expense of such improvement."  Section 649 goes on to provide: "Each municipal corporation may by a general ordinance prescribe the mode in which the charge on the respective owners of lots or lands, and on the lots or lands, shall be assessed and determined for the purposes authorized by this chapter; such charge, when assessed, shall be payable by the owner or owners at the time of the assessment personally, and shall also be a lien upon the respective lots or parcels of land from the time of the assessment.  Such charge may be collected and such lien enforced by a proceeding in law or equity, either in the name of such corporation, or of any person to whom it shall have directed payment to be made.  In any such proceedings, where pleadings are required, it shall be sufficient to declare generally for work and labor done and materials furnished on the particular street, alley, or highway."  On the one hand it is contended that the power to levy special assessments against all kinds of property is specifically authorized, and that the exemption statute quoted has reference only to general taxation; that property of the county is not exempt, and that such property is as much benefited as any other.  Plaintiff's counsel also calls our attention to the distinction between an exemption from taxation and an exemption from special assessments, and refers us to *Sioux*

*City v. Independent School Dist. of Sioux City*, 55 Iowa,
150.   On the other hand, it is argued that the property of
the county used for governmental purposes is not taxable,
nor is it liable to special assessments, in the absence of ex-
press statutory authority; that it is not a question of
exemption, but a question of power; and that public prop-
erty is not subject to any kind of a tax burden in the ab-
sence of express statutory authority.   Defendant county
also claims that there are certain implied exemptions from
all kinds of taxation, and that the property of municipali-
ties is not in any proper sense taxable.   It relies largely
upon *Polk Co. Sav. Bank v. State*, 69 Iowa, 24, and *Con-
struction Co. v Ainley*, 109 Iowa, 386, and numerous auth-
orities from other states, to some of which we shall refer
during the course of this opinion.   That our own cases are
in apparent conflict, notwithstanding the attempt made in
the *Polk Co. Sav. Bank Case* to explain the previous de-
cision in the *Sioux City Case*, must be conceded.   The
duty of maintaining public schools is, as it seems to us,
strictly a public and governmental function.   The only
real distinction between the cases lies in the fact that in
one the action was against a school district, which, under
our statute, may be sued in an action at law, while in the
other the action was against the state, which can not be
sued; and, in the event judgment is obtained against it,
that judgment can not be enforced.   By reason of these
decisions we are reduced to one of four extremities:   First,
to make the distinction above indicated; second, to hold
that the latter case overrules the former; third, to hold
that there is some such distinction as is indicated in the
*Polk Co. Sav. Bank Case*; or, fourth, to return to the doc-
trine of the *Sioux City Case*.   So much may be said in
favor of either contention made by the parties, that, as
usual, the adjudicated cases are in direct and irreconcilable
conflict, and it is useless to try to harmonize them.   One
line proceeds upon the theory that under statutes similar

to our own all property abutting upon the streets or alleys,
and all owners of property, are subject to special assess-
ments; that taxation is the rule and exemption the excep-
tion, and that an exemption statute should be strictly
construed; that while the property of a municipal corpora-
tion cannot be sold under execution, or a lien declared
against it, yet the tax is a personal charge against the
owner, which may be enforced by mandamus or other ap-
propriate remedies.   The following are of that class: *City
of Sioux City v. Independent School Dist. of Sioux City*,
55 Iowa, 150; *McLean Co. v. City of Bloomington* 106
Ill., 209; *City of New Orleans v. Warner*, 175 U. S. 120,
(20 Sup. Ct. Rep. 44, 44 L. Ed. 96); *Adams County v.
City of Quincy*, 130 Ill. 566, (22 N. E. Rep. 624, 6 L. R. A.
155); *Franklin Co. Com'rs v. City of Ottawa*, 49 Kan.
747 (31 Pac. Rep. 788, 33 Am. St. Rep. 396); *St. Louis
Public Schools v. City of St. Louis*, 26 Mo. 468; *Hassan
v. City of Rochester*, 67 N. Y. 528; *In re vacation of How-
ard St.*, 142 Pa. 601, (21 Atl. Rep. 974).   The other line
of cases hold, in effect, that public property used for gov-
ernmental purposes as a court house will not ordinarily be
deemed within the words of a statute delegating in general
terms authority to levy local assessments; that statutes
conferring general authority to assess should be construed
as operating upon property subject to legal process, and
not upon property held for governmental purposes by the
state or any of the local instrumentalities of government;
and that without a statute granting the right to make such
assessments either expressly or by necessary implication,
that right does not exist.   See *Lowe v. Board*, 94 Ind. 553;
*Edgerton v. School Tp.*, 126 Ind. 261 (26 N. E. Rep. 156);
*Worcester Agricultural Soc. v. Mayor, etc., of City of
Worcester*, 116 Mass. 193; *Leonard v. City of Brooklyn*,
71 N. Y. 498, (27 Am. Rep. 80); *Polk Co. Sav. Bank
v. State*, 69 Iowa 24; *City of Leavenworth, v. Laing*, 6
Kan. 274; *City of Big Rapids v. Board of Sup'rs of*

*Mecosta Co.*, 99 Mich. 351, (58 N. W. Rep. 358); *Board of Improvement v. School Dist. of Little Rock*, 56 Ark. 354, (19 S. W. Rep. 969, 16 L. R. A. 418, 35 Am. Rep. 108); *Baltimore Co. Com'rs v. Board of Managers of Maryland Hospital for Insane*, 62 Md. 127; *State v. City of Hartford*, 50 Conn. 89, (47 Am. Rep. 622); *City of Toledo v. Board of Education*, 48 Ohio St. 83, (26 N. E. Rep. 403); *City of Rochester v. Town of Rush*, 80 N. Y. 302; *People v. Doe G.* 1,034, 36 Cal. 220; *City of Nashville v. Smith*, 86 Tenn. 213 (6 S. W. Rep. 273); *Harris v. Boyd* 70 Tex. Sup. 237 (7 S. W. Rep. 713); *Fagan v. City of Chicago*, 84 Ill. 227; *Piper v. Singer.* 4 Serg. & R. 354; *People v. Board of Assessors*, 111 N. Y. 505, (19 N. E. Rep. 90, 2 L. R. A. 148); *City of Camden v. Camden Village Corp.* 77 Me. 534, (1 Atl. Rep. 689; *City of Hartford v. West Middle Dist.*, 45 Conn. 462 (29 Am. Rep. 687); *Trustees for Support of Public Schools v. Inhabitants of City of Trenton*, 30 N. J. Eq. 667; *Green v. Hotaling*, 44 N. J. Law, 347; *Witter v. School Dist.* 121 Cal. 350 (53 Pac. Rep. 905, 66 Am. St. Rep. 33); *City of Clinton v. Henry County*, 115 Mo. 557, (22 S. W. Rep. 494, 37 Am. St. Rep. 415). It is true that in many of these cases the precise question was not involed, although expressions are to be found therein which support appellee's contention. Thus, in the *City of Erie Case*, 113 Pa. 360 (6 Atl. Rep. 136), the question was whether or not the engine house and fire apparatus of the city were subject to general taxation for city purposes. In the case from 80 N. Y. the question was one of general taxation. The same may be said of the case in 86 Tenn. 213 (6 S. W. Rep.), *People v. Doe G.*, 1,034, *Piper v. Singer*, *Harris v. Boyd*, *Trustees for Support of Public Schools v. Inhabitants of City of Trenton*, 30 N. J. Eq. 667, and perhaps some of the other cases. *Harris v. Boyd*, *Sioux City v. Independent School Dist. of Sioux City*, *Fagan v. City of Chicago*, 84 Ill. 227, *Edgerton v. School Tp.*, *Green v. Hotaling*, and *City of Clinton v.*

*Henry County*, 115 Mo. 557 (22 S. W. Rep. 494, 37 Am. St.
Rep. 415), seem to be directly in point, although some of
them are in direct opposition to our *Sioux City Case* in 55
Iowa. Some of the cases relate to special assessments
against the property of the general government, as in *People v. Austin*, 47 Cal, 353, and *Fagan v. City of Chicago*,
84 Ill. 227. We cannot better state the logic of those
opinions holding counties not liable than to quote the following from *Van Brocklin v. Anderson*, 117 U. S. 174 (6
Sup. Ct. Rep. 670, 29 L. Ed. 845): "The reasons for this
have. been well stated in the cases in Massachusetts and
New Jersey. Mr. Justice Devens, delivering the opinion of
the supreme judicial court of Massachusetts, said: 'The
property of the commonwealth is exempt from taxation
because, as the sovereign power, it receives the taxation
through its officers, or through the municipalities it creates,
that it may from the means thus furnished discharge the
duties and expenses of government. Its property constitutes one of the instrumentalities by which it performs its
functions.' 116 Mass. 194. And Mr. Justice Depue, delivering the opinion of the court of orrors of New Jersey,
said: 'The immunity of the property of the state and of
its political subdivisions from taxation does not result from
want of power in the legislature to subject such property
to taxation. The state may, if it sees fit, subject its property, and the property owned by its municipal subdivisions,
to taxation, in common with other property within its territory. But inasmuch as taxation of public property would
necessarily involve other taxation for the payment of the
taxes so laid, and thus the public would be taxing itself in
order to raise money to pay over to itself, the inference of
law is that the general language of statutes prescribing the
property which shall be taxable is not applicable to the
property of the state or its municipalities. Such property
is therefore by implication excluded from the operation of
the laws imposing taxation, unless there is a clear expression

sion of intent to include it.' 30 N. J. Eq. 681. In short, under a republican form of government the whole property of the state is owned and held by the state for public uses, and is not taxable, unless the state, which owns and holds it for these uses, clearly enacts that it shall share the burden of taxation with other property within its jurisdiction." This, of course, has reference to general taxation, but the same rule has also been applied to special assessments. *Worcester Agricultural Soc. v. Mayor etc.*, of *City of Worcester*, *supra*; *Harris v. Boyd*; *State v. City of Hartford*, 50 Conn. 89 (47 Am. Rep. 622); *City of Hartford v. West Middle Dist.*; *City of Toledo v. Board of Education*, 48 Ohio St. 83 (26 N. E. Rep. 403); *Green v. Hotaling*; *Lowe v. Board*; *Board of Improvement v. School Dist. of Little Rock*, 56 Ark. 354 (19 S. W. Rep. 969, 16 L. R. A. 418, 35 Am. St. Rep. 108); *Witter v. School Dist.*; and other like cases. The following quotation from *City of Big Rapids v. Board of Sup'rs of Mecosta County*, *supra*, is directly in point: "No express authority is conferred by the statute. The charter provides for the designation of an assessment district, in which shall be entered the names of the persons assessed, the value of the property, and the land assessed to each, respectively. The general tax law of the state exempts from taxation all public property belonging to the United States, to this state, or to any county, city, village, township, or school district. The constitution of this state contains no provision upon the subject, and in this respect differs from the constitution of some of the states whose decisions are cited by the counsel for the relator. Aside from express exemptions, there are also exemptions implied by law. Implied exemptions exist where property is owned and held by the state, its political subdivision, and its municipalities for governmental purposes. Cooley, Taxation (2d Ed.) 172. A county is one of the political subdivisions of the state. *Webster v. Hillsdale Co.*, 99 Mich. 259 (58 N. W. Rep. 317).

It would seem to follow that only such burdens of taxation can be imposed upon its property as are expressly provided by law.   Other property is also exempt from taxation, such as churches, hospitals, cemeteries, etc.   But as to these there are no implied exemptions.   They are strictly property of private corporations.   It has, therefore, been repeatedly held that when these are mentioned as exempt in a general tax law the exemption applies only to the tax mentioned by the general law, and not to those which are of a private and local character, such as assessments for sewers, sidewalks, and the like, which are made according to benefits conferred.   This is the well-established rule, to which it is unnecessary to cite authorities.   But the principle does not apply to public property owned and used by an entire county for public purposes only.   Whenever the taxing power seeks to impose a tax upon such property, it must be able to point to legislative or constitutional authority."   The logic of the other side is well stated in *Sioux City v. Independent School Dist. of Sioux City*, *supra*, from which we quote the following:   "No complaint is made of the mode of assessment in any respect, and counsel for the appellant state the question to be determined to be 'whether school property used for school purposes only is subject to any tax levy, charge, or assessment, or expense for building sidewalks adjacent to the same by the city, and whether defendant is liable to pay the same.'  The statute designates the assessment made in this case as a special tax, and it will be so regarded.   It is, however, a tax or charge imposed because of a special benefit, and therefore distinguishable from ordinary taxes which are imposed for the support of the government or a municipality.   The defendant was under obligation to provide not only schools and school houses, but reasonably sufficient ways to reach the same.   It is but reasonable, we think, that in an incorporated city or town a school district should provide sidewalks in front of its property, or pay therefor,

in all cases where the city requires or constructs the same in pursuance of statutory authority. As we understand, the defendant claims, if this be conceded, the property of the defendant has been exempted from taxation of every character. The statute relied on is found in title 6 of the Code, which relates exclusively to revenue or ordinary taxes. It is therein provided that the following classes of property 'are not to be taxed, and they may be omitted from the assessments herein required: * * * The property of a county, township, city, incorporated town or school district, when devoted entirely to public use and not held for pecuniary profit.' Code 1873, section 797. The special tax assessed by the cities for the construction of sidewalks is not assessed under title 6 of the Code, but under title 4, chapter 10, which relates to cities and incorporated towns. . Taxation is the rule, and exemption the exception, and therefore strict construction of the statute under which the exemption is claimed is the rule. *Trustees of Griswold College v. State*, 46 Iowa, 275; Cooley Taxation, 146. It will be observed the statute provides the property is not to be taxed, and may be omitted from the assessment 'herein required.' Clearly, we think, this has reference only to the assessments referred to in said title. From all taxes therein required to be assessed the designated property is to be exempted. It appears to us, under the provisions of title 4 of the Code this special tax is cleary authorized, is general, and applies to all persons and property coming within its provisions. If the general assembly had intended to exempt the property of school districts from this special tax, and throw the burden on the municipality, it is fair to presume it would have so indicated in clear and explicit terms. The words 'not to be taxed' are not alone to be considered, but must be read in connection with the residue of the statute, and its object, scope, and intent considered. So doing, we have no hesitation in saying the exemption relates only to the taxes

contemplated in title 6 of the Code, or such as are assessed for ordinary purposes, and to which all persons and property are subject unless specially exempted. This view is sustained, to say the least, by the decided weight of authority." See, also, *McLean County v. City of Bloomington*, 106 Ill. 209, and other cases cited in support of the rule. These cases also proceed on the theory that the rule that the intention to exempt public property from taxation will be presumed because it is not probable that the public will tax itself to raise the money to pay over to itself is inapplicable to special assessments, for the reason that the city acts only as an agent of the contractor or the property holders in making the improvements and in collecting the assessment. See *Fitzgerald v. Walker*, 55 Ark. 148 (17 S. W. Rep. 702). The reasoning of the cases last cited seems to us to be sound, and while, perhaps, opposed to the greater number of authorities, is sustained by our own decision in 55 Iowa, from which we have never in fact departed. Under our statute the property in question is exempt from general taxation, and it would doubtless be exempt in the absence of statute. But exemption from general taxation does not relieve the owner from special assessments. This is the rule, announced by the great weight of authority, when applied to cemeteries: *Lima v. Lima Cemetery Ass'n*, 42 Ohio St. 128 (51 Am. Rep. 809); *City of Louisville v. Nevin*, 10 Bush, 549 (19 Am. Rep. 78); *Buffalo City Cemetery v. City of Buffalo*, 46 N. Y. 503; and cases cited in Beach, Public Corporation, section 1173. Charitable institutions: *Sheehan v. Hospital*, 50 Mo. 155 (11 Am. Rep. 412); *Zabel v. Orphans' Home*, 13 Ky. Law Rep. 385 (17 S. W. Rep. 212, 13 L. R. A. 688). Church property: *City of Atlanta v. First Presbyterian Church*, 86 Ga. 730 (13 S. E. Rep. 252, 12 L. R. A. 852); *Boston Seamen's Friend Soc. v. Mayor etc., of City of Boston*, 116 Mass. 181 (17 Am. Rep. 153). Educational institutions: In re *College St.*, 8 R. I. 474. Public school property: *St.*

*Louis Public Schools v. City of St. Louis*, 26 Mo. 468. If
there be any exemption, it must be one implied by law,.
for the statute.authorizing the assessment is broad enough
to cover all owners of property.   The reason for exempting
property belonging to the state or to any of its instrumen--
talities, as counties and cities, from general taxation, does..
not, as it appears to us, apply to special assessments.

While authority to levy such assessments is traceable·
to the taxing power, they are nevertheless assessed on the·
theory that the property against which they are levied is.
benefited thereby to the extent of the levy, and the muni-
cipality acts as an agent, merely, in collecting the tax.
The district improved is never co-extensive with the coun-
ty or city, and it is not true that in paying the assessment
the county must raise money to pay over to itself, and that,
no one would be benefited but the officers employed in the·
collection of the tax.   There is no reason why the county,.
the city, or the school district should not pay for the bene--
fits received by it the same as any other property owner..
Of course, their property may not be sold, but there is no·
reason why the amount of the tax should not be paid out
of the treasuries of these institutions; and, if the govern-
ing bodies fail to make payment, mandamus will lie to·
compel them to do so.   Counties and cities are bodies cor--
porate, may sue and be sued, may acquire and hold prop-
erty, and make all contracts for the control, management,.
and improvement of the same.   Code 1873, section 279.
County boards of supervisors may make such orders con-
cerning corporate property as they may deem expedient,
may build and keep in repair the necessary buildings for·
the use of the county, and have the care and management,
of the property belonging to the county; and, as said in the
*Sioux City Case*, we think this includes not only the build-
ings and grounds themselves, but safe and convenient ways.
of reaching the same.   A county should, in our judgment,.

provide sidewalks in front of its property, and, when the city orders, pay its proportion of the costs of paving the streets.

Much more might be said in support of these propositions, but this opinion has already outgrown limits, and we conclude by saying that the distinction between this and the *Sioux City Case* and the *Polk Co. Sav. Bank Case* is already made apparent. In the *Savings Bank Case* the state was made a defendant. It could not be sued by the bank, and its voluntary appearance gave the court no jurisdiction over it. Its property could not be sold, nor could a judgment against it be enforced in any manner. An appropriation by the legislature would be required to meet any judgment that might be rendered, and this could not be enforced. These, among other things, clearly distinguish it from the *Sioux City Case*; and, while the conclusion in the *Savings Bank Case* was correct, some of the reasons given in support thereof do not appear to us to be sound. Moreover, if that case holds to the rule as claimed by appellee, it is in direct conflict with the *Sioux City Case*, and that decision should have been overruled. The opinion clearly negatives the thought that it was to be overruled, and, as this construction will harmonize both decisions, we are the more ready, as it is our duty, to adopt it. While it is true the city exercises but a delegated power in making these assessments, and in so doing is acting as one of the instrumentalities of government, it is nevertheless true that in levying and collecting the same it acts merely as an agent of the parties, and derives no direct benefit therefrom distinct from that of the property owners. The assessment is made solely on the ground of benefits conferred, and no debt on the part of the city is created by a contract whereby it undertakes to do the paving at the expense of the property owners. True, the right to levy these assessments is referable to the power of taxation, but statutes

exempting property from general taxation are almost universally held inapplicable to special assessments. See cases heretofore cited.

Reduced to its last analysis, the question is one of power in the city to levy the assessment against the county property. The statute giving the power is broad enough to cover lots or lands owned by municipal or *quasi* municipal corporations, and, if there be any exemption, it is to be implied, unless we hold with those courts which say that county or state property is not to be included unless expressly mentioned, or by necessary implication inferred. We are not disposed to apply this last-mentioned rule in construing our statutes. Such property is expressly exempted from general taxation, but no such exemption is made from special assessments. Even without a statute, property devoted to governmental use would not, in the absence of express authority, be taxed, and the fact that it is expressly exempted in one case and not in the other is strong evidence that the legislature did not intend to exempt it from special assessments. There are certain implied exemptions because of the nature of the proceedings. Property held by the United States or by the state itself cannot be made liable for two reasons: First, because it cannot be sold on execution, nor may any lien be created against it; and, second, because neither the state nor the United States can be sued, nor may judgments be enforced against either. But one of these reasons applies to county property. While its property cannot be sold on execution, it may sue and judgments may be enforced against it, the same as against an individual, and these judgments, when rendered, may be enforced by mandamus.

We have said enough to indicate our conclusions. The plaintiff should have judgment against the county for the amount of the assessment, with interest and costs, as provided in section 12, chapter 168, Acts 21st General Assembly. It is not entitled to interest or

penalty under section 479 of the Code of 1873. *Des Moines Brick Co. v. Smith*, 108 Iowa, 311. This conclusion renders it unnecessary that we consider the case against the city.

The judgment of the district court dismissing the petition as to the county is reversed, and the cause remanded for proceedings in harmony with this opinion.—REVERSED.