THE CITY OF CEDAR RAPIDS, IOWA, v. GEORGE M. BECH-TEL, Appellant.

**Constitutional Law:** MUNICIPAL DEBT: *Refunding bonds.* Where municipal warrants were issued for the ordinary, necessary, and current expenses, which, together with other like expense were within the limit of the current revenue and such special taxes as the municipality might legally and in good faith have intended to levy therefor, the issuance of bonds for the funding thereof is not within Constitution, Article 11, section 3, which prohibits municipal corporations becoming indebted to an amount exceeding five per cent. of the value of the taxable property within such corporations, since such bonds would not increase the indebtedness of the city.

*Appeal from Cedar Rapids Superior Court.*—HON. THOMAS M. GIBERSON, Judge.

TUESDAY, JANUARY 16, 1900.

ACTION to enforce specific performance of contract. Judgment for plaintiff. Defendant appeals.—*Affirmed.*

*Louis Block* for appellant.

*John M. Redmond* and *John N. Hughes* for appellee.

SHERWIN, J.—This cause was tried in the superior court upon an agreed statement of facts, from which it appears that the city of Cedar Rapids has outstanding warrants to the amount of two hundred and five thousand dollars, of issue as follows: In 1894, twenty-four thousand five hundred and thirty-three dollars and twenty-eight cents; in 1895, thirty-one thousand six hundred and ninety-eight

dollars and nineteen cents; in 1896, forty-one thousand five hundred and sixty-nine dollars and seventy-eight cents; in 1897, thirty-seven thousand four hundred and seventy-three dollars and eighty-two cents; in 1898, sixty-eight thousand three hundred and eighty-two dollars and fifty-six cents. It is agreed that all of these warrants were issued for ordinary, necessary, and current expenses of the city, for purposes authorized and required, and in good faith, and that the amount of warrants issued in each of the respective years, 1894 to 1898, inclusive, including among others the said warrants proposed to be funded, were within the limits of the taxes and other revenue of the city for each of the said years, respectively, "and issued against, and payable out of, the different funds thus appropriated and to be collected in each of said years, and their payment contemplated from the current revenue of the city for the year in which the warrants were issued." It is also agreed that prior to 1894 "warrants had been issued in like manner for ordinary, current, and necessary expenses of the city, payable out of the current revenue and taxes levied by the city, but which were not sufficient to pay said warrants issued prior to 1894, and that the current revenue of the city derived from the taxes levied from 1894 to 1898, inclusive, and other revenues, were used in part by the city to pay outstanding warrants issued in previous years, instead of being applied to the warrants issued for the current expenses of the city." The city desired to fund two hundred and five thousand dollars of the warrants outstanding for the years 1894 to 1898, inclusive, and entered into an agreement with the defendant whereby it agreed to issue its bonds for that purpose and amount, and the defendant agreed to purchase them. At the time of this agreement the city had a bonded indebtedness of one hundred and twenty thousand dollars. It is contended by appellant that the warrants in question were issued in contravention of section 3, article 11, of the constitution, and do not evidence a legal and valid debt of

the city. This contention cannot be sustained in this case. It is a well-established rule in this state that obligations such as these warrants represent are not within the constitutional inhibition. It is said in *Grant v. City of Davenport,* 36 Iowa, 396, "When the contract made by the municipality pertained to the ordinary expenses, and is, together with other like expenses, within the limit of the current revenue, and such special taxes as it may legally and in good faith intend to levy therefor, such contract does not constitute the incurring of a debt, within the meaning of the constitutional inhibition." This rule has been followed in *French v. City of Burlington,* 42 Iowa, 614; *Tuttle v. Polk,* 92 Iowa, 433. See, also, *Creston Waterworks Co. v. City of Creston,* 101 Iowa, 687. It is true, there was a misappropriation of a part of the current revenue of the years 1894 to 1898, inclusive; but such wrongful act on the part of the officers of the city cannot, under the agreed facts in this case, affect the validity of these warrants. They "were issued and received in good faith" for the "ordinary, necessary, and current expenses of the city, for purposes authorized and required, and within the limit of the revenue of the city for each year, respectively." The warrants were valid when issued, and hence the bonds which the city proposes to issue to fund them will not increase the indebtedness of the city and will be valid. *Sioux City v. Weare,* 59 Iowa, 95; *Edmundson v. School Dist.* 98 Iowa, 639; *Thompson v. School Dist.* 102 Iowa, 94. The judgment of the superior court is right, and is AFFIRMED.

GRANGER. C. J., not sitting.