S. E. TRINDLE, Appellant, v. CONSOLIDATED INDEPENDENT SCHOOL DISTRICT OF VAN METER et al., Appellees.

CONSTITUTIONAL LAW: Limitation on Indebtedness—Outstanding Current Warrants Offset by Current Taxes. In determining the constitutional limit of indebtedness of a municipal corporation, outstanding warrants representing expenses for the current year are not deemed a "debt" when the current and collectible taxes for such current year are ample to pay such warrants.

Headnote 1: 28 Cyc. p. 1546 (Anno.)

*Appeal from Dallas District Court.*—W. G. VANDER PLOEG, Judge.

FEBRUARY 17, 1925.

REHEARING DENIED JUNE 25, 1925.

SUIT by a taxpayer against the Consolidated Independent School District, to enjoin the proposed issue of bonds of the

defendant district to the amount of $120,000, for the purpose of building a schoolhouse. The ground of such attack is that such indebtedness would exceed the constitutional and statutory limit of indebtedness, in that it would enlarge the indebtedness of the district to an amount in excess of 5 per cent of the value of the taxable property therein. The answer admitted the purpose of the district to issue the bonds, but denied that such issue would enlarge the indebtedness of the district beyond the statutory and constitutional limits. The trial court found with the defendants, and entered a decree dismissing the petition. The plaintiff appeals.—*Affirmed.*

*George Cosson* and *Harold H. Newcomb,* for appellant.

*White & Clarke,* for appellees.

EVANS, J.—The question of a bond issue was submitted to the voters of the Consolidated Independent School District of Van Meter on December 27, 1922, and the proposal was duly carried. Pursuant thereto, it was the purpose of the board of directors of such district, named as defendants herein, to issue and sell the proposed bonds. The case came on for trial on April 20, 1923. The record presents no dispute of fact, although the respective arguments are predicated upon conflicting inferences of fact.

It was stipulated upon the trial that the 5 per cent limit of indebtedness permissible to this district would amount to $123,090; that, on December 27, 1922, the district had outstanding warrants amounting to $10,700, with no cash in the treasury; that, on the day preceding the trial, April 19, 1923, the outstanding warrants amounted to $7,208; that the collectible revenues of the district for the current fiscal year would be $24,739; and that the total expenses of the district for the same current fiscal year would be $21,502, leaving an excess of revenues over expenditures for the current year of approximately $3,200. There was no stipulation or direct showing as to the amount of cash in the treasury on April 19, 1923.

The argument for appellant is that, under this showing of facts, the issue and sale of the bonds would create an indebted-

ness either of $130,700, as indicated by outstanding warrants December 27, 1922, or an indebtedness of $127,200, as indicated by the outstanding warrants on April 19, 1923. This computation of the amount of indebtedness allows no credit as for available cash in the treasury, because it does not appear that there was any actual cash in the treasury on either of the two dates under consideration.

As against this, the appellees contend that the revenues available and in the course of collection for the current year were to be regarded as the equivalent of cash in the treasury, for the purpose of determining the constitutional limitation; that the outstanding warrants on April 19, 1923, were all incurred as a part of the current expenditures of the current fiscal year; and that they were fully provided for by the taxes which were already levied and were in the course of collection. This is the only point of conflict between the parties.

It is the settled law of this state that warrants issued for current expenses in anticipation of taxes which are in course of collection and which are certain to be collected, do not constitute a debt, within the meaning of the Constitution, and that the taxes so anticipated by such warrants are to be regarded, for all practical purposes, as being already in the treasury. This was our holding in our initial case upon that subject. *Grant v. City of Davenport*, 36 Iowa 396. In *Phillips v. Reed*, 107 Iowa 331, we said:

"If the city had on hand or *in prospect*, at the time these warrants were issued, funds with which to meet them without trenching upon the rights of creditors for current expenses of the city, then the warrants are valid, although such funds may have been thereafter wrongfully applied to other purposes."

In *Rowley v. Clarke*, 162 Iowa 732, we said:

"Warrants issued in anticipation of taxes are held not to constitute a debt, on the theory that moneys the receipt of which is certain from the collection of taxes, are regarded as, for all practical purposes, already in the treasury; and the contracts made upon the strength thereof are treated as cash transactions."

To the same effect are the following: *Tuttle v. Polk & Hubbell*, 92 Iowa 433; *City of Cedar Rapids v. Bechtel*, 110 Iowa 196; *Swanson v. City of Ottumwa*, 118 Iowa 161.

The appellant purports to put much reliance upon *Miller v. City of Glenwood*, 188 Iowa 514, as presenting a different rule. We find nothing in the cited case supporting this contention. On the contrary, it cites and quotes from our previous cases the very excerpts which we have quoted above herein. In that case, however, the amount of actual cash in the treasury was sufficient of itself to justify the defendants, and to bring the debt within the constitutional limit. There was no occasion, therefore, in that case to consider the effect of the existence of revenues in actual course of collection.

The burden was upon the plaintiff to show that the proposed acts of the defendants would enlarge the indebtedness beyond the constitutional limit. In order to meet this burden, it was incumbent upon the plaintiff to show that the outstanding warrants were not provided for, either by actual cash in the treasury or by revenues in course of collection. The plaintiff's affirmative evidence stops short in that respect. If there were no evidence in the record as to the extent of uncollected revenues, the plaintiff would fail for want of proof. Upon this record, however, the stipulation as to the amount of revenue provided for the fiscal year and the amount of the current expenses for the same year was an affirmative showing that the outstanding warrants were fully provided for by the uncollected revenues, in that such warrants represented current expenses. The warrants were all put in evidence, and they show upon their face that substantially all of them were issued for salaries of teachers and expenses of transportation of the children, and all in the current fiscal year.

The decree dismissing the petition was clearly right, and it is, accordingly,—*Affirmed.*

FAVILLE, C. J., and ARTHUR and ALBERT, JJ., concur.